## No. 16,310.

BARTLE, ADMINISTRATOR *v.* BARTLE ET AL.

(216 P. [2d] 649

Decided March 13, 1950.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, for plaintiff in error.

Mr. FOSTER CLINE, Mr. CARL CLINE, for defendant in error, Blanche L. Bartle.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS suit is based upon an antenuptial agreement dated September 4, 1926, between Fred C. Bartle, now deceased, and Blanche L. Thiemer. The contemplated marriage was contracted the following day and the marriage relation continued until the death of Fred C. Bartle on January 4, 1947.

Plaintiff in error, Fred C. Bartle, Jr., a son of Fred C. Bartle, deceased, was appointed special administrator of the estate of Fred C. Bartle, and with the permission of the county court of Jefferson county filed the complaint herein against Blanche L. Bartle, the widow of deceased, formerly known as Blanche L. Thiemer, in which complaint it is alleged in substance that Blanche L. Bartle, by virtue of the antenuptial agreement hereinafter set out, in the holding of title to any of deceased's property, became trustee for the benefit of the children or heirs of deceased, and prayed for an accounting, as well as an injunction preventing defendant from disposing of any property so held in trust.

Motion to dismiss complaint, as amended, on the ground that it did not state a claim against defendant upon which relief could be granted, was granted and the writ of error herein followed in due course.

The antenuptial agreement is as follows:

"This contract entered into this 4th day of September, A. D. 1926, by and between Fred C. Bartle and Blanche L. Theimer both of Denver, Colorado,

"Witnesseth that:

"Whereas, the parties hereto contemplate a marriage with each other and the said Fred C. Bartle is seized and possessed of property of value, both real and personal, and has made a full disclosure of said property to said *Blanche L. Theimer* and estimated the value of said property at this time to be approximately Seventy-five Thousand Dollars ($75,000.00), and

"Whereas, said Fred C. Bartle has (1) minor children, the issue of a former marriage, and has (3) children of legal age, now living, and

"Whereas, said Fred C. Bartle desires to make suitable provision for said Blanche L. Theimer in lieu of all right, title and interest which said Blanche L. Theimer may have in the estate of Fred C. Bartle on his death, as his widow, including widow's award, homestead, or any other share in the distribution of his personal estate or his real estate, and of any and all other rights or claims of said Blanche L. Theimer, as widow, heir, survivor or next of kin to said Fred C. Bartle.

"Now, therefore, in consideration of said marriage and of the covenants of said Blanche L. Theimer hereinafter contained, the said Fred C. Bartle hereby promises and agrees to make his last will and testament immediately after the solemnization of said intended marriage, granting, devising and bequeathing unto the said Blanche L. Theimer the sum of Two Hundred Dollars ($200.00) per month for and during her natural life, to be paid out of his estate and to be a first charge thereon after the payment of claims and expenses of administration.

"In consideration of the payment to her of said sum, the said Blanche L. Theimer hereby covenants and agrees that the same shall be in lieu of any and all rights or claims of dower, inheritance and descent in and to the real property of said Fred C. Bartle, now owned or hereinafter acquired, and in lieu of any and all rights or claims to a distributive share of his personal

estate, now owned or hereafter acquired and of all claims for an allowance for a year's support, and in lieu of any and all other rights or claims in or to the estate of said Fred C. Bartle, which may in any manner arise or accrue by virtue of said marriage.

"And the said Blanche L. Theimer, for the consideration aforesaid, does hereby release, remise and relinquish unto.the said Fred C. Bartle and unto his heirs, devisees, personal representatives and assigns, forever, all of the interest, rights and claims hereinabove mentioned and set forth.

"And the said Blanche L. Theimer, further agrees to execute and acknowledge upon request of said Fred C. Bartle, or of his heirs, devisees, personal representatives and assigns, any and all proper instruments of release or conveyance to enable the said Fred C. Bartle or his heirs, devisees, personal representatives or assigns to bargain, sell and convey or otherwise dispose of, any and all real estate now owned or hereinafter acquired, free and clear of any real or apparent right vested or contingent dower or interest therein, subject, however to the securing to her of the payment of Two Hundred Dollars ($200.00) per month.

"In witness whereof, The parties hereto have set their hands and seals this 4th day of September, A. D., 1926.

"Blanche L. Theimer,    (Seal)

"Fred C. Bartle    (Seal)"

Duly acknowledged on same date.

As disclosed by the complaint, the facts which precipitated this controversy are briefly as follows: On September 5, 1926, the date following the execution of the antenuptial agreement, the parties thereto were married; that Fred C. Bartle never made a will as contemplated by the agreement, or at least no will has been found; that Fred C. Bartle was the owner of lands located in Jefferson and Park counties, Colorado, and other property, valued at about $75,000, the legal de-

scription of which properties is fully set out in the complaint; that on October 10, 1934, Fred C. Bartle conveyed by warranty deed to Blanche L. Bartle all of the lands described in the complaint that were located in Jefferson county for the consideration of ten dollars and love and affection, and that thereafter the record title remained in her name; that on August 28, 1934, Fred C. Bartle conveyed the lands described in the complaint as being in Park county to Blanche L. Bartle for life with remainder over to himself, or, in the event of his prior death, then to the plaintiff herein, Fred C. Bartle, Jr.; that by reason of the death of Fred C. Bartle, the title to the Park county lands is now vested in Blanche L. Bartle for life with remainder in fee to Fred C. Bartle, Jr.; Fred C. Bartle died January 4, 1947 in Jefferson county, Colorado; that on December 6, 1947, defendant Blanche L. Bartle sold four parcels of the Jefferson county land to George W. Teter for $26,000, receiving $15,000 in cash and a five-year note for the balance.

Plaintiff in error specifies that the trial court, in sustaining defendant's motion to dismiss the complaint, committed error in that the amended complaint stated a cause of action on the ground that the antenuptial agreement was a valid, binding and enforceable agreement based on the marriage as good and sufficient consideration; that the agreement constituted a complete release by defendant of all rights of inheritance, descent or other claims in and to any property of Fred C. Bartle, and in lieu thereof, she was entitled only to the payment of $200 per month during her natural life from the estate of Fred C. Bartle; that the agreement was for the benefit of the children of a previous marriage of deceased and that they acquired vested, equitable interest in the property which could not be divested by the subsequent acts of either party to the agreement; that the marriage consummated the agreement and created an express, executed trust for the benefit of the chil-

dren; that the title held by defendant, Blanche L. Bartle is as trustee for the beneficial use of the children; that the antenuptial agreement is enforceable by the plaintiff for the use of the children; and that plaintiff is ready and willing to comply with the contract for the payment of $200 per month to defendant upon her accounting for the monies converted to her own use belonging to the children of deceased.

Argument in support of plaintiff in error's claims is presented under three specifications: (1) That the amended complaint states a valid claim for the enforcement of a valid, executed, express trust for the benefit of the plaintiff and the other children of deceased; (2) that the trust under the agreement was created for the use and benefit of the children of deceased; that the children acquired a vested interest in the property of deceased as purchasers within the scope of the consideration for the agreement, which interest could not be divested by any act of the parties thereto, which was irrevocable upon the marriage to the defendant; that defendant held title to the real and personal property only as trustee; (3) that the court erred in entering judgment of dismissal of the action in favor of the defendant.

Our determination of point (1) in holding that the trial court was not in error in dismissing the complaint on proper motion of defendant, on the ground that the complaint stated no claim against defendant upon which relief could be granted, is in reality decisive of all other questions presented, as we are of the opinion that the antenuptial agreement herein set out is not open to the construction placed upon it by plaintiff to the effect that it created a valid, executed, express trust for the benefit of plaintiff and the other children of the deceased.

An express trust is all that the name implies, in that the trust is one that is declared in express terms. The agreement before us contains no such express pro-

visions for the benefit of the children mentioned in the agreement only in the manner of a recital. Neither is the agreement an executed trust for the benefit of the children as claimed, because the estates and interests are not completely limited or defined by the instrument itself. The agreement contained no semblance of anything that could be construed as a conveyance by which the children would be beneficiaries. There is no provision or covenant therein inuring to the benefit of the children.

██ We should now discuss the agreement as it relates to the limitations or curtailment of the rights of the parties thereto. The contract on its face appears to be valid and enforceable as to the matters expressly included therein, and such contracts receive favor in the law; however, we need not discuss its binding effect as between the parties thereto, since therein the children of deceased are not specifically made parties, and further because the concrete problem here is: Did the conveyance of the real estate by Fred C. Bartle to his wife, the defendant, fall within the purview of an agreement?

██ The claim by plaintiff in error that the contract is irrevocable, is dissipated by the very provisions of the contract whereby deceased apparently retained the right to sell or dispose of any or all of his real estate then owned or afterwards acquired, subject to the matter of securing to defendant, his wife, payment of the sum of $200 per month. It further bound defendant, in such an event, to execute releases of any real or apparent right she had by virtue of the agreement in the property "to enable the said Fred C. Bartle * * * to * * * sell or convey * * *." If it was his apparent intention to provide for the possibility of a desire to sell the real estate, he did so. An irrevocable, express trust vesting equitable title in the children cannot be spelled out of the agreement. He further provided for the making of a will immediately after the contemplated mar-

riage without any indication of who the beneficiaries might be other than the two hundred dollar per month provision for his wife, the defendant. Subject to this restriction, he left himself free to dispose of his entire estate by such will in a manner that would deprive the children of any interest therein. Therefore, the interests of the children, if any they possessed under the agreement, were contingent and not vested. In treating the subject of estates or interests created, it is stated in 41 C.J.S. 576, section 103, "The interest of heirs may be vested or contingent, according to the terms used." Whether an estate or interest was created for the children by the contract before us, depends upon the wording of the contract. As is aptly stated in 41 C.J.S. p. 576, §103: "The estate or interest created by a marriage settlement, with reference both to the parties and their heirs, depends necessarily on the construction of the language of the instrument."

■ ■ Counsel for plaintiff in error contend that by virtue of the agreement on the part of defendant to execute all proper instruments of release or conveyance, she herself is bound to reconvey to the heirs and personal representatives, the title to any property she held at the time of the death of Fred C. Bartle. We are unable to determine from the language used in the contract that she so obligated herself as to any property that was conveyed to her during the lifetime of deceased. Unless expressly waived in the contract, she had the absolute right to accept a gift of any property the deceased saw fit to convey to her, and we know of no authority holding to the contrary. "The courts are agreed that the right of one spouse to take under the will of the other is not affected by an antenuptial or postnuptial agreement or property settlement between them, except where it is found that such agreement or settlement was intended to be in satisfaction or ademption of any legacies or bequests to the surviving spouse provided for in the will of the other." 104 A.L.R., p.

1104, Anno. "1 Introduction"; *Estate of Crane,* 6 Cal. (2d) 218, 57 P. (2d) 476. We could well adopt the following language used in the case of *Berg v. Berg,* 201 Minn. 179, 275 N.W. 836, "To hold, upon the facts here appearing, that a wife may not accept the bounties of a thoughtful and kindly disposed husband without thereby violating her antenuptial contract seems absurd."

It is to be further observed that the property here involved could not vest in the "heirs, devisees, personal representatives or assigns" of Fred C. Bartle when it was made clear by the contract that the property was, either by sale or devise, to be subject to the securing to defendant, his wife, the payment of $200 per month; further, there was no conveyance to the children, they were not parties to the contract, and by its terms, there is nothing they could enforce.

As a summary, we thus see that the recital of the names of the children in the contract and nothing more, created no trust in their favor, and by the further terms of the contract, Bartle, during his lifetime, was free to convey or devise any of his property subject to securing $200 per month to his wife, and she was free to accept by a gift or devise from him, any of said property. Therefore, in accordance with these views, plaintiff's complaint did not show that a cause of action, as alleged, existed against defendant upon which relief could be granted, and defendant's motion to dismiss was properly granted.

Judgment affirmed.

MR. JUSTICE JACKSON concurs in the result.

MR. JUSTICE MOORE not participating.