[L. A. No. 15051.   In Bank.—April 30, 1936.]

In the Matter of the Estate of EMMETT C. CRANE, Deceased.   KATHRYN F. CRANE, Appellant, v. BURTON BRIGGS CRANE, as Executor, etc., Respondent.

Clarke & Bowker, Don G. Bowker and Robert M. Clarke for Appellant.

Burton Briggs Crane, *in pro. per.*, for Respondent.

CONREY, J.—This is an appeal from an order in probate for the final distribution of the estate of the above-named decedent.   By the terms of the decedent's will the appellant, who is surviving widow of the decedent, was bequeathed the sum of "one thousand dollars in money, or value from residue interests for every year or major fraction thereof of our married life".   The trial court decreed that the widow was not entitled to take the bequest for the reason that she

had entered into the property settlement agreement hereafter described.

The parties were married on October 21, 1925. The will was made on November 4, 1926. The parties separated January 21, 1927, and they entered into the property settlement agreement on February 21, 1927. They resumed marital relationship on January 1, 1928, and again separated March 7, 1928. The date of decedent's death was June 26, 1929. The will was an holographic will.

The pertinent parts of the property settlement agreement are as follows: ''It is further expressly covenanted and agreed that neither of the parties hereto will in any way or manner contest or oppose the probate of the other's will, whether heretofore or hereafter made, or interfere with the other, his or her heirs or assigns, in the exercise of the rights of property herein agreed to; that neither of them will at any time hereafter assert any right, interest or title as heirs at law of the other or as against the estate of the other, and all claim or right as surviving husband or wife, and all right to contest or oppose the last will of the other is hereby expressly waived, together with all right to administer, or to apply for letters of administration, or letters of administration with the will annexed, upon the estate of the other. . . . It is the true intent and purpose of this agreement that the parties hereto have settled and forever adjusted, and that they do hereby settle and forever adjust, by and between themselves, all present and future property rights of every kind and nature, whether community or separate, wheresoever the same is or may be located and all other rights and claims which either may have or claim to have against the other, so far as their property rights are concerned, and in addition thereto that the said parties hereto have settled and adjusted, and do hereby settle and adjust, and forever determine, all of their respective rights to, of and in any inheritance the one from the other, respectively, or in or to the estate of either.''

Appellant's statement of the questions involved in this appeal assumes that the trial court's decision in favor of respondent was based upon the proposition that the property settlement when made revoked the prior will of the husband. During the period of time to which this case relates, the manner in which a will could be revoked was

governed by the provisions of sections 1292, 1298 and 1299 of the Civil Code. It is conceded by respondent that there was no revocation of the will, and that the contract of property settlement, or separation agreement, did not operate to produce a revocation of the will. The real contention of respondent is that the making of the agreement resulted in a surrender by each party of all property and property rights, present or future; in the estate of the other. Respondent states the question thus: "If by the terms of such agreement, the spouses make reference and contract with relation to their existing wills, and by the terms thereof each agrees as against the other and their respective heirs not to assert 'any right, title or interest' as against the estate of the other, and thereby agree, forever determining their respective rights in or to the estate of the other, is each thereby estopped as against the surviving heirs of the other to take, assert, or make a claim to a legacy made in their respective, prior and existing wills filed for probate?"

To the foregoing question neither an affirmative answer nor a negative answer would be possible without more accurately defining those parts of the question which, as stated by respondent, are not certain. In this case the parties by the terms of their agreement did make reference and contract with relation to the will or wills of both or either of them, whether then existing or thereafter to be made. But the agreement in relation to such wills was not unlimited. The agreement of each party was, first, not to oppose the probate of the other's will; second, not to contest or oppose such will; and third, not to apply for letters of administration or letters of administration with the will annexed upon the estate of the other. Both parties agreed that by said contract they had settled, adjusted and forever determined "all of their respective rights to, of, and in any inheritance of the one from the other, respectively, or in or to the estate of either". Reading the terms of the contract as thus limited, it took away from appellant all right or claim to any interest in the property of her husband either by virtue of her status as wife or widow or as heir of her husband. But, as if by intention, there is a total failure to set forth in the contract any renunciation of the right to accept and receive future gifts to the one from the other whether by way of gift *inter vivos,* by devise, or by bequest.

As applied to such gift we find in the agreement no basis for an estoppel against appellant with respect to the legacy claimed in the will. It is to be remembered that although the will in which the legacy is contained had been executed prior to the date of the contract, the testator lived more than two years thereafter. And a will speaks from and as of the date of the testator's death. If the testator had not executed this will until after the date of the property settlement agreement, it would not be reasonable to say that he was without right to make such subsequent will and thereby give additional property to his wife. But in substance and effect he did the same thing by leaving his will unchanged after the date of said contract. The reasonableness of his conduct in this respect is reinforced by the evidence, which shows a continuance of affectionate relations between the parties—not to mention that for a period of at least two months after making said contract, they actually lived together.

Respondent further contends that the consideration received by appellant pursuant to the terms of the property settlement agreement was an ademption of the legacy, and that appellant's claim was thereby satisfied, so that she is not entitled to further distribution of such legacy to her in the course of administration. By reference to section 1351 of the Civil Code, now superseded by section 1050 of the Probate Code, it appears that a gift before death is not to be "taken as an advancement to an heir nor as an ademption of a general legacy unless such intention is expressed by the testator in the grant or otherwise in writing, or unless the donee acknowledges it in writing to be such". Respondent is consciously aware of the requirements of the statute, but he attempts to meet its limitations by claiming that the property settlement agreement in this case was a "writing" sufficient to disclose the intention of the decedent, "taking into consideration the circumstances under which the writing was made", that both legacies should be adeemed. We are of the opinion that the language of the contract is not capable of the construction put upon it by respondent respecting the asserted ademption.

The conclusions which have been herein stated are sufficient for determination of the merits of this case. The trial court was in error in its determination that appellant

should take nothing under the will of the decedent. For that reason the order described in the notice of appeal is reversed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.