[Civ. No. 3877. Fourth Dist. Nov. 23, 1949.]

FRANCES M. MILLER, Respondent, v. JOHN W. MILLER et al., Appellants.

Wm. P. Webb for Appellants.

Launer, Chaffee & Launer for Respondent.

BARNARD, P. J.—The question presented on this appeal is whether a property settlement agreement must be held to have barred the right of the plaintiff to receive, as beneficiary, the proceeds of four insurance contracts on the life of her former husband.

The plaintiff and Benjamin L. Miller were married on September 21, 1935. At that time he was the holder of four life insurance contracts. Three of these were in the form of certificates issued to him as an employee of the Union Oil Company, under the provisions of a group life insurance policy, by the Equitable Life Assurance Society. The other was a policy issued by the Great Northern Life Insurance Company. From 1935 until August, 1946, the premiums on these contracts were paid from the community funds of the plaintiff and her husband. In July, 1936, the plaintiff was designated as beneficiary in the Great Northern policy and, at some undisclosed date, she was named as beneficiary in one of the certificates issued by the Equitable. The other two Equitable certificates named Mr. Miller's mother as beneficiary. She had died in 1933, and no change in beneficiary was ever made. These certificates provided, so far as material here, that in such an event the proceeds would be paid to the widow, or, if there was no widow, to the surviving brothers and sisters of the insured.

On August 20, 1946, the plaintiff and her husband entered into a written agreement. The preamble recites that the parties are husband and wife and have no children, that differences have arisen between them, and that "it is the mutual desire of said parties that their property rights, interests and claims against each other be settled and adjusted by and between themselves." It is then provided that the husband thereby conveys and relinquishes to the wife all his right, title and interest in and to certain specific items of personal property; that the wife conveys and relinquishes to the husband a described parcel of real property and certain specified articles

of personal property; that the husband agrees to pay the wife $720 at the rate of $60 per month; and that any property thereafter acquired by either shall be the separate property of the party acquiring it. This is followed by a final provision which reads as follows:

"Each of the parties do hereby agree that, except as herein provided, neither will claim from the other hereafter and does hereby waive as though the marital relationship had never existed, any right against the other for support, alimony, court costs or attorney's fees in any action affecting the marital duties or relationship and any right to inherit from, to claim a probate homestead upon or to administer the estate of the other, it being the purpose of this agreement to determine the rights of the parties hereto for all times as though the marital relationship had never existed between the said parties."

This agreement made no mention of community property, of these insurance policies, or of any property which might be owned by the parties other than the specific items which were thus allotted to the husband and to the wife, respectively.

A divorce action followed in which no mention was made of these insurance policies. On October 14, 1946, an interlocutory decree in favor of this plaintiff was entered. In November, 1946, the husband suffered a heart attack and thereafter was confined to the hospital or to his home. He died on March 18, 1947, leaving neither children nor parents. During this illness the plaintiff and her husband remained on friendly terms, and she visited him frequently. On one of these visits he handed her an envelope containing these insurance contracts saying: "Here is some papers that belong to you." After Mr. Miller's death the proceeds of the two policies in which this plaintiff was named as beneficiary were paid to her. Conflicting claims having been filed with respect to the other two contracts, which still named Mr. Miller's mother as beneficiary, the Equitable company refused payment thereon.

The plaintiff then brought this action for declaratory relief with respect to the two insurance contracts which remained unpaid. By agreement, the insurance company deposited the amounts in court, and was relieved from further liability. The defendants, who are the brothers and sisters of Mr. Miller, answered. As a special defense it was alleged that the property rights of the parties, including community property, were forever settled by the agreement of August 20, 1946; that the plaintiff accepted the provisions therein made for her benefit in full satisfaction of any interest she might have had in

these insurance policies; and that the parties intended by said agreement that the plaintiff would, and she did, thereby waive any interest which she might have had in these policies. The defendants, joined by the administrator of Mr. Miller's estate, also filed a cross-complaint seeking to recover the sum of $2,435.68 which had already been paid to the plaintiff under two of the contracts. After a trial the court found in favor of the plaintiff finding, among other things, that it is not true that the parties intended, by the execution of this agreement or otherwise, that the plaintiff should accept the provisions made for her benefit in satisfaction of her interest in these four policies, and that it is not true that she had waived any part of her interest in said policies. As conclusions of law, it was found that the plaintiff is the owner and is entitled to the proceeds of these four insurance policies, as the designated beneficiary under the terms of each; that she is entitled to judgment against the defendants in accordance with her complaint; and that she is entitled to judgment as against all cross-complainants on their cross-complaint. Judgment was entered accordingly, and the defendants and cross-complainants have appealed.

The appellants contend that while the settlement agreement does not, in specific terms, relinquish the wife's interest as beneficiary under these policies it does waive all rights of the parties arising from the marital relationship, and that it thus conclusively appears that it was thereby intended that the wife should release her interest as beneficiary under each of these policies. The appellants rely on *Sullivan* v. *Union Oil Co. of Cal.*, 16 Cal.2d 229 [105 P.2d 922], while the respondent relies on *Grimm* v. *Grimm*, 26 Cal.2d 173 [157 P.2d 841].

In the Sullivan case, in reversing a judgment entered after a demurrer was sustained without leave to amend, it was pointed out that in the agreement there in question the parties had agreed to completely settle and divide all their properties, including that of the community, and the wife had agreed to waive any right of succession or inheritance with respect to the husband's remaining property and to release him from any and all obligations to her arising from any reason whatsoever. It was held that a certain "Provident Fund," accumulated through the employment of the husband, was a part of the community property so divided and that the wife had thus expressly released to her husband any rights which she may have had as a named beneficiary in connection with this fund.

In the Grimm case the agreement stated that it was intended

as a complete property settlement, and as settling and discharging all claims which arose or which might arise by reason of the marriage of the parties. An insurance policy, in which the wife was named beneficiary, was given to the husband with the right to change the beneficiary. He died without having made such a change. It was held that there was no immediate release of the wife's interest as such beneficiary, that the contract left it to him to decide in the future whether or not he desired to change the beneficiary, and that not having done so the wife was entitled to receive his bounty to that extent.

It would seem, from these cases, that where such a settlement agreement covers all of the property of the parties and the wife, in accepting certain provisions for her benefit, fully releases the husband with respect to all other property, such a release would ordinarily cover and include her interest as named beneficiary under an insurance policy; and that where the language used is not broad enough to include such an interest, or where an intent appears to exclude such rights as a present part of the settlement, the wife will still take as beneficiary if the policy so provides.

Aside from any community interest in an insurance policy, it is pointed out in the Grimm case that the interest of a beneficiary, where the right of change exists, is a mere expectancy. After referring to the fact that there may be an equitable assignment or release of such an expectancy, it is said:

"It is settled, however, that a contract constitutes an equitable assignment or renunciation of an expectancy *only if it expressly or by necessary implication so provides.* (Citations.) In interpreting property settlement agreements courts weigh carefully the language of the agreements before concluding that they eliminate rights the disavowal of which is not necessarily connected with the purpose of such agreements. (Citations.) This court and other courts have therefore applied to property settlement agreements the rule that *general expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies* and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other." (Emphasis added.)

It was further pointed out in that case that such an expectancy under an insurance policy is to be regarded as waived only when the intention of the parties to disclaim such future rights "was made clear in the contract"; that the failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he did not wish to effect such a change; that both the contract and the policy are to be read as expressing the decedent's intentions; and that while a property settlement agreement provides for what the husband is conceding to his wife as a matter of right, he is frequently willing to grant her more as a matter of bounty.

With these general rules in mind, each case must be decided upon its own facts. The agreement here in question is somewhat unusual. The preamble states that the parties desire to settle and adjust their property rights, interests and claims against each other. Thereafter, it is agreed that each conveys and releases to the other all his right and interest in and to certain specified items of property. It is not stated that this is all of their property, no mention is made of these insurance policies or of any community property, it is not provided that the wife takes the property assigned to her in full satisfaction of all her rights and there is no provision that the property not mentioned shall belong to the husband. It is not specifically stated that these policies, in which each had a community interest, should become the separate property of the husband, and there is no provision that no rights should accrue to the wife even though she remained the beneficiary at the time of the husband's death. The final paragraph consists of but one sentence, and provides that each party agrees that he will not claim from the other and that he thereby waives "as though the marital relationship had never existed" certain rights against the other. These rights are specifically named and they are the right "for support, alimony, court costs or attorney's fees in any action affecting the marital duties or relationship and any right to inherit from, to claim a probate homestead upon or to administer the estate of the other." This language was not only general, but was used in the same sentence, and as a part of, this definite provision respecting these specified marital duties and rights only. Not only is that the only waiver but it is equally made by each of the parties. There is no waiver of any interest in any property which was not mentioned, each waives the same things, and the wife waives no more than does the husband. There is nothing to indicate that the rights of the parties in these insur-

ance policies were not to remain just as they were, the husband having the right to certain benefits if he reached a certain age and the wife, as beneficiary, having the right to any proceeds upon his death. In our opinion, it does not clearly appear from the language of this agreement that the parties intended it as covering and disposing of their respective interests in these policies, or that it was intended to deprive the wife of the right to take as beneficiary thereunder.

There was some evidence relating to the intention of the parties. There was evidence that the deceased was told to bring these policies to the lawyer's office at the time this agreement was signed. He did not do so, and the record indicates that nothing was said about them at the time. The respondent testified that when the agreement was signed she knew of the existence of these policies but that "I did not think anything about those, no." Under the terms of the policy the deceased had the right to change the beneficiary, but he did not do so. In November, 1946, in the presence of two other witnesses, the husband handed the policies to the respondent saying, "Here is some papers that belong to you." Two days later, in the presence of two other witnesses, she offered to return the policies to him and he refused to take them, saying that they belonged to her.

The interpretation placed upon this contract by the trial court is a reasonable one under the circumstances which here appear, and it is supported by such evidence as there was relating to the intention of the parties. Under the established rules we are unable to hold, as a matter of law, that it was the intention of the parties to provide by this agreement that the respondent should release or waive her interest, as beneficiary, under these policies.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.