[Civ. No. 17600.   Second Dist., Div. One.   Sept. 25, 1950.]

THOMAS J. MEHERIN, Respondent, v. FLORENCE MEHERIN, Appellant.

Charles C. Morrison for Appellant.

Canfield & Westwick for Respondent.

DORAN, J.—This is an appeal from the judgment; the record on appeal is the judgment roll only.

The facts as recited in appellant's brief are as follows:

"The defendant, Florence Meherin and decedent, John B. Meherin were married on June 1, 1916, at Bakersfield, California.

"That said John B. Meherin died on or about December 2, 1944 leaving said Florence Meherin as his surviving widow.

"That on or about the 28th day of August, 1918, the Metropolitan Life Insurance Company issued its policy of insurance on the life of said John B. Meherin and agreeing to pay on receipt of due proof of the death of said insured, the sum of

$1,000.00 to the beneficiary named therein, Florence Meherin, the wife of said John B. Meherin.

"That at all times since said policy of insurance was issued, and at the time of the death of said John B. Meherin, said Florence Meherin, wife of decedent, was the named beneficiary of said policy of life insurance herein referred to.

"That the Metropolitan Life Insurance Company paid the sum of $1,324.18 into Court as proceeds of said insurance policy and the action as to said company was dismissed.

"That on or about the 28th day of July, 1942, said John B. Meherin and said Florence Meherin entered into an agreement settling their rights as to their community property and creating a division of the same, by the terms of which the policy of insurance herein involved was assigned to John B. Meherin.

"That the portion of the agreement by which said policy of insurance was assigned to John B. Meherin reads as follows:

" '1. The wife hereby released to the husband and he shall be entitled to all the interest in and to that certain insurance policy with the Metropolitan Life Insurance Company, bearing the number 918996-7-C, and the wife does hereby grant, assign and sell to the husband all of her right, title and interest in and to said policy and the interest and benefits therein. Wife further agrees to execute any instrument or documents required by the husband or the Metropolitan Life Insurance Company to carry out the intention of this paragraph.'

"The husband, John B. Meherin executed a will on December 2, 1944, the day of his death, in which he left all of his property to his brother, Thomas J. Meherin, plaintiff and respondent herein.

"That the estate of John B. Meherin was probated in the County of Kern, State of California, and on the 29th day of September, 1947, all of the property and estate of John B. Meherin, deceased, was distributed to Thomas J. Meherin, the respondent.

"While not raised by the pleadings, the Court found that it was the intention and belief of John B. Meherin that Florence Meherin would take no part of the proceeds of said policy, either as beneficiary or otherwise.

"Florence Meherin claims the proceeds of said insurance as the beneficiary named in said policy on the date of death of the insured.

"Thomas J. Meherin claims the proceeds of said insurance

under the decree of distribution dated September 29, 1947.''

It is appellant's contention that,

''1. The Court's interpretation of the property agreement was unreasonable.

''2. The Court erred in finding as to the belief and intent of one of the parties only.

''3. Appellant was not deprived of her right to receive the proceeds of the insurance as the named beneficiary.

''4. The findings of fact do not support the judgment.''

■ The property settlement agreement was quite comprehensive and clearly established that a complete and final settlement was intended. For example, it further provided, ''That said parties hereto each hereby waives any and all right to the estate of the other left at his or her death, and forever quitclaims any and all right to share in the estate of the other, by the laws of succession and said parties hereby release, one to the other, all right to be administrator or administratrix or executor or executrix of the estate of the other, and hereby release and waive all right to inherit under any will of the other, and the said parties hereby waive any and all right to the estate, or any interest in the estate, of the other.'' It should be noted also that the insurance policy in question provided ''that the insured, John B. Meherin, had no right to change the beneficiary thereof.''

Appellant argues that, ''A wife as beneficiary under an insurance policy retains her status as such unless it clearly appears from the agreement that in addition to the segregation of the property of the spouses, it was intended to deprive her of the right to take under the insurance contract as beneficiary. . . . Such rights are waived only when it appears that the attention of the parties was directed to such expectancies and their intention to disclaim future rights that might develop from such expectancies was made clear in the contract.'' Appellant relies in particular on the provision in the contract above noted that, ''The wife further agrees to execute any instrument or documents required by the husband or the Metropolitan Life Insurance Company to carry out the intention of the parties.'' It is urged in this connection that, ''Under this provision her rights as the named beneficiary remain vested subject to becoming divested upon the happening of a future contingency, i. e., the execution of any instrument or document required by the husband or the Metropolitan Life Insurance Company. No request has ever been made by either on the appellant to execute any instrument or document

whatever and her rights remained vested in her at the time of the death of John B. Meherin, the insured.''

It is quite evident, from an examination of the record, that the trial court's interpretation of the agreement is not unreasonable as contended by appellant. It is also evident that although the findings perhaps could have been more comprehensive nevertheless, in effect, the court's judgment was based on the intention of the parties as expressed in the agreement. The findings of fact support the judgment.

The court in effect found that the provision upon which appellant relies, namely, the ''wife further agrees to execute any instrument or documents,'' etc. above quoted, when considered in connection with the other provisions does not establish the intention of the parties as contended by appellant. The trial court obviously considered the above provision with relation to the other provisions of the contract and concluded that whether ''any instrument or document'' was ''required by the husband or the Metropolitan Life Insurance Company to carry out the intention of this paragraph'' was for them to determine and did not affect the disposition of the property as the contract elsewhere provided.

There are no errors in the record and the judgment is affirmed.

White, P. J., and Drapeau, J., concurred.