[Sac. No. 6286. In Bank. Dec. 16, 1953.]

MABEL THORP, Appellant, v. THOMAS J. RANDAZZO, as Executor, etc., Respondent.

McAllister & Johnson, Chris D. Johnson, Walter C. Frame and Neil R. McAllister, Jr., for Appellant.

Thomas J. Randazzo, in pro. per., and Donald B. Richardson for Respondent.

SPENCE, J.—Plaintiff appeals from a judgment in an action wherein she sought a declaration of her rights under an insurance policy included in a property settlement agree-

ment executed between herself and her then husband, Nathan B. Thorp, deceased. The insurance company paid into court the money due and was dismissed from the action. Plaintiff contends that the property settlement agreement did not abrogate her right to take the proceeds of the policy as the named beneficiary thereon at the time of her former husband's death. Defendant, on the other hand, maintains that the deceased's estate is entitled to the proceeds on the ground that the agreement between the spouses terminated all rights of plaintiff with respect to the policy, including her right as the beneficiary to receive the insurance money. Defendant's position is well taken.

The deceased died on July 23, 1950. He and plaintiff were divorced in November, 1944. Prior to entry of the interlocutory decree of divorce and on September 29, 1943, they entered into a property settlement agreement which provided that plaintiff "does hereby waive all claims to any benefits that she may have at present, or which may hereafter be derived from the following described life insurance policies upon the life of the first party (deceased), including the community interest of second party (plaintiff) therein, or in the premiums paid for said policies, and agrees to execute any and all documents that may be required by said insurance companies to complete the release of interest of said second party in said insurance policies." Then there follow two named and numbered insurance policies. Deceased removed plaintiff's name as beneficiary on one of the policies, making it payable to the estate, but he made no change as to the other, which is the one here involved. With respect to this latter policy, plaintiff at the time she executed the property settlement agreement, likewise executed and delivered to deceased or his attorney a printed form entitled "Application for Change of Beneficiary." This application was never signed subsequently by deceased and therefore was never transmitted to the insurance company.

There was evidence to show that the parties remained on friendly terms after their divorce; that deceased had said that he would take care of his former wife, and that he had left an insurance policy for her; and that he had remarried in 1947. On the other hand, there was evidence, admitted over objection, that deceased had discussed with his attorney his intention to change the policy so as to make it payable to his estate; that prior to his death he had considered the policy lapsed and so had taken no further action in regard

to it. An officer of the insurance company testified that the policy was cancelled for nonpayment of premiums on lapse of the grace period of 30 days from and after February 3, 1948; that no premium payments were thereafter made on the policy, deceased having tendered one for $75.92 which was refused by the company by letter dated May 26, 1948, with return of his check for the stated amount. This witness further testified that the company utilized the cash surrender values on the policy to pay the total premiums in arrears and recognized the validity of the policy according to its tenor, except as to the designation of the beneficiary. At its date of lapse the policy had a cash surrender value more than sufficient to pay the premiums due beyond the date of deceased's death.

As here material, the trial court found that plaintiff had received and accepted all benefits to which she was entitled under the agreement; that deceased had performed all acts required of him thereunder; that plaintiff was estopped from asserting any claim to the proceeds of the policy for the reason that the agreement was a complete settlement of all property rights between the parties, and that by the terms thereof plaintiff waived all interest in the policy, its premiums or its proceeds; that by execution of the agreement the parties intended that each relinquished and waived all right to succeed or take any property from the other after death; that such waiver was effective from the date of execution of the agreement, and that defendant Randazzo, as executor of deceased's last will, was the owner and entitled to possession of the proceeds of the policy.

Plaintiff makes no claim to the insurance proceeds by reason of her former marital relationship with the deceased or contrary to her waiver of all community interest in the policy, but rather she relies on her distinct status as the named beneficiary on the policy at the time of deceased's death. (*Shaw* v. *Board of Administration*, 109 Cal.App.2d 770, 774 [241 P.2d 635].) The position of a beneficiary named in an insurance policy subject to change by the insured is similar to that of a beneficiary of a will, a mere expectancy dependent on designation at the time of the insured's death. (*Grimm* v. *Grimm*, 26 Cal.2d 173, 176 [157 P.2d 841].) Where a property settlement agreement covers *all* of the property of the parties and the wife, in accepting certain provisions for her benefit, fully releases the husband with respect to all other property, such release ordinarily would cover and in-

clude her interest as the designated beneficiary on an insurance policy; but where the language is not broad enough to encompass such an expectancy or an intent appears to exclude such rights as a present part of the settlement, the wife may still take as beneficiary if the policy so provides. (*Miller* v. *Miller,* 94 Cal.App.2d 785, 789 [211 P.2d 357].) � In interpreting property settlement agreements, courts weigh carefully the language employed by the parties in measure of the renunciation of their respective rights. To this end, it is the settled rule that "general expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other." (*Grimm* v. *Grimm, supra,* p. 176.) ▄ The failure of the husband to exercise his power to change the beneficiary ordinarily indicates that he does not wish to effect such a change (*Shaw* v. *Board of Administration, supra,* p. 776; also *Estate of Crane,* 6 Cal.2d 218, 221 [57 P.2d 476, 104 A.L.R. 1101]), but each case must be decided upon its own facts. (*Miller* v. *Miller, supra,* p. 790.)

The property settlement agreement here is quite comprehensive and establishes that a complete and final settlement was intended. No question is raised as to the fairness of its provisions or the consideration therefor. ▄ The agreement, in addition to specific mention of the insurance policy in question, with express recital of plaintiff's waiver of "all claims to any benefits that she may have at present, or which may hereafter be derived" therefrom and her agreement to execute the papers necessary to effect such release of interest in the policy, further provides: "The said parties hereto each hereby waive any right and all right to the estate of the other left at his or her death and forever quitclaim any and all right to share in the same of the other, by laws of succession, and said parties hereby release one to the other all right to be the administrator or administratrix or executor or executrix of the estate or will of the other, . . . and from the date of this agreement hereafter said waiver of the other in the estate of the other shall be effective and they shall have the right of single persons and maintain the same relation of such toward each other . . . this agreement is a full and final

settlement between said parties and each party hereto has had independent legal advice'' thereon.

This language is almost identical with that used in *Sullivan* v. *Union Oil Co.,* 16 Cal.2d. 229 [105 P.2d 922], wherein it was held that the property settlement agreement not only terminated the wife's community interest in a certain benefit fund maintained by the husband's employer, but also any rights which she may have had as a named beneficiary in connection with such fund. Practically the same langauge was construed in *Meherin* v. *Meherin,* 99 Cal.App.2d 596 [222 P.2d 305], to effect a like release of the proceeds of an insurance policy, which the wife claimed by reason of her continuing designation as beneficiary at the time of her husband's death. As in those cases, plaintiff here of her own free will, with full knowledge of the existence of the policy and of all pertinent facts, acting under independent legal advice, and for full and valuable consideration, expressly agreed with deceased ''to forever settle and divide between them *all* their respective properties including that of the community, to waive any right of succession or inheritance with respect to his remaining property and to release him from any and all obligation to her which theretofore may have had existence for any reason whatsoever.'' (*Sullivan* v. *Union Oil Co., supra,* p. 237.)

Plaintiff relies on *Grimm* v. *Grimm, supra,* 26 Cal.2d 173. There the property settlement agreement between the spouses gave the husband the right to change the beneficiary on his insurance policy and the wife agreed to execute any document or instrument necessary therefor. He died without undertaking to make such a change. It was held that there was no immediate release of the wife's interest as such beneficiary, that the agreement left it to the husband to decide in the future whether or not he desired to change the beneficiary, and that not having done so the wife was entitled to receive his bounty to that extent. Moreover, since the wife in the Grimm agreement waived all rights of inheritance in her husband's estate ''except . . . as may be provided in any will and/or codicil . . . in effect at the date of his death,'' it was concluded that it was ''the intention of the spouses to exclude from the agreement rights that might accrue to [the wife] at the death of the husband as a result of his bounty.'' (P. 179.) The court then observed the distinction in the parties' agreement in *Sullivan* v. *Union Oil Co., supra,* 16 Cal.2d 229, where the language indicated a ''present'' not a possible future ''renunciation by the husband of the wife as

beneficiary.'' (*Grimm* v. *Grimm, supra,* p. 180; in accord *Meherin* v. *Meherin, supra,* 99 Cal.App.2d 596, 598.)

Expectancies under a will or an insurance policy may be regarded as waived only when it appears that the attention of the parties was directed to such expectancies and their intention to disclaim future rights which might develop from such expectancies is made clear in their property settlement agreement. (*Estate of Crane, supra,* 6 Cal.2d 218, 221; *Grimm* v. *Grimm, supra,* 26 Cal.2d 173, 177.) But in the present case specific reference was made in the agreement to the insurance policy, and plaintiff expressly waived all claim to ''any benefits that she may have at present, or which may hereafter be derived from'' such policy. This language clearly indicates that the parties' attention had been directed to the expectancy of the insurance proceeds, and that it was intended that plaintiff waive all interest therein, present and future. Thus, ''the parties agreed that no rights were to accrue to her, even though she remained the beneficiary at the time of the husband's death.'' (*Grimm* v. *Grimm, supra,* p. 175.) In short, as in *Sullivan* v. *Union Oil Co., supra,* 16 Cal.2d 229, 237, plaintiff agreed to a *present* divestment of all claims that she might otherwise have in the insurance policy.

It must further be remembered that the policy here lapsed in March, 1948, and that the deceased's tender of a premium payment some two months later was rejected by the company, with return of his check therefor. Accordingly, the effectiveness of the policy at the date of deceased's death was not due to reinstatement by payment of additional premiums but because of the company's satisfaction of the arrearage through utilization of the cash surrender values, which values plaintiff had expressly granted to deceased under the terms of their agreement. Moreover, plaintiff's execution of the ''Application for Change of Beneficiary'' contemporaneously with her execution of the agreement amounted to an effective, positive act in recognition of her immediate transfer of all interests which she might have in the policy. In these circumstances evidencing plaintiff's waiver of her claim to take as a beneficiary of the particular policy in question, it might be reasonably concluded that deceased decided to proceed no further with the matter, and that when notified by the insurance company that his tendered premium payment would not be accepted in reinstatement of the policy, he assumed that the policy was terminated and that it would be an idle act to

request the company then to make a change of beneficiary.
■■■■ While ordinarily an insured's failure to change a beneficiary may be said to amount to a confirmation of the designation of the beneficiary as theretofore named (*Shaw v. Board of Administration, supra,* 109 Cal.App.2d 770, 776; in accord *Estate of Crane, supra,* 6 Cal.2d 218, 221), the particular facts here do not come within that principle. Furthermore, in the Shaw case the question determined was the effect of a divorce decree, not a property settlement agreement, upon the wife's asserted right to take a death benefit in view of the deceased's failure to revoke her designation as the beneficiary thereof. (See *Sullivan* v. *Union Oil Co., supra,* 16 Cal. 229, 237.)

■■■■ In the light of all the provisions of the agreement in the present case and of plaintiff's contemporaneous execution of the "Application for Change of Beneficiary," the conclusion is inescapable that the agreement was intended to constitute an immediate waiver by plaintiff of any right which she may have had in the insurance policies, including the right as a beneficiary, which right she now asserts. Under these circumstances she cannot prevail in her claim to the insurance proceeds in question. (*Sullivan* v. *Union Oil Co., supra,* 16 Cal.2d 229; *Meherin* v. *Meherin, supra,* 99 Cal.App.2d 596.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., concurred.

Schauer, J., concurred in the judgment.