[No. 33127.   Department Two.   May 5, 1955.]

UNITED BENEFIT LIFE INSURANCE COMPANY, *Plaintiff*, v. WILLIAM F. PRICE, *as Administrator, Respondent,* ANNA A. PRICE *et al., Appellants.*[1]

*Ballinger, Hutson & Eberharter,* for appellant Price.

*Thor P. Ulvestad,* for appellant Reeder.

*Meier & Murray,* for respondent.

[1]Reported in 283 P. (2d) 119.

· Hill, J.—Quaere:

Is the named beneficiary in a life insurance policy or the administrator of the insured's estate entitled to the proceeds of the policy which have been paid into court by the insurance company in an interpleader action where: (a) the insured had the right to change beneficiaries; (b) the named beneficiary was the wife of the insured at the time the policy was issued but had subsequently been divorced from him; (c) the divorce decree confirmed and approved the property settlement agreement which had been set out in full in the findings of fact, and then, pursuant thereto and adopting the language thereof, awarded to the wife specifically described items of real and personal property, including $8,615 in cash, and awarded to the husband: (1) all insurance policies on his life (the policy in question was conceded to be community property at the time the divorce decree was entered), and (2) all other property of the parties, whether community or the separate property of the husband, other than the property awarded to the wife?

Answer:

The administrator of the insured's estate is entitled to the proceeds of the insurance policy under such a decree.

Reason:

■ Item (c) is decisive. We are not here primarily concerned with the terms of the property settlement agreement and the intention of the parties thereto (as was the case in *Grimm v. Grimm* (1945) 26 Cal. (2d) 173, 157 P. (2d) 841, relied on by the named beneficiary in this case), but with the terms and effect of a divorce decree. We have frequently recognized ". . . that where a property settlement is approved by a divorce decree, the rights of the parties rest upon the decree rather than the property settlement." *Brown v. Brown* (1955), *ante* p. 370, 281 P. (2d) 850, citing *In re Garrity's Estate* (1945), 22 Wn. (2d) 391, 156 P. (2d) 217. See, also, *Bullock v. Bullock* (1924), 131 Wash. 339, 230 Pac. 130. Such a decree is more than the agreement of the parties—it becomes the superior

court's disposition of the property of the parties properly before it. Unless that be so, the superior court failed to carry out the mandate of our statute to make ". . . such disposition of the property of the parties, . . . as shall appear just and equitable. . . ." RCW 28.08.110, Rem. Supp. 1949, § 997-11. *Robinson v. Robinson* (1950), 37 Wn. (2d) 511, 225 P. (2d) 411, is of interest on the effect of such a decree.

The decree operates not only to vest in the spouse designated the property awarded to him or her, but to divest the other spouse of all interest in the property so awarded, except as the decree may otherwise designate. By the terms of the decree in question, the husband was not only awarded all policies of life insurance on his life, but all community property not specifically awarded to the wife.

■ The interest of the beneficiary in the proceeds of an insurance policy belonging to the community (however the beneficiary's right may be defined), is an asset in which the community has a very real interest. This is indicated by a long line of cases, beginning with *Occidental Life Ins. Co. v. Powers* (1937), 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531, restricting the right of a husband, as manager of the community, to make anyone except his wife or his estate the beneficiary of such a policy.

■ We see no reason to suppose that, in view of the plain language of the decree, the court contemplated that the wife was retaining any interest in any community assets other than the property specifically awarded to her. We consequently hold that by the decree she was divested of any interest she might have had as the beneficiary under the policy of insurance conceded to be community property and awarded to the husband.

The cases of *Mabbitt v. Wilkerson* (1952), 220 Ark. 270, 247 S. W. (2d) 201, and *Metropolitan Life Ins. Co. v. Richardson* (1939), 27 F. Supp. 791, directly support our conclusion.

A somewhat different situation, but nonetheless significant as indicating the effect of a divorce decree upon the interest of a beneficiary, is found in *Chilwell v. Chilwell*

(1940), 40 Cal. App. (2d) 550, 105 P. (2d) 122. There an Arizona divorce decree contained the exact language of the property settlement between the parties, and directed the husband to designate the two children of the parties as the beneficiaries of a certain insurance policy. He did not comply with the decree, but, on his death, the children were held to be entitled to the proceeds of the policy, though never named as beneficiaries, the court holding that the property settlement incorporated in the decree constituted an equitable assignment of the proceeds of the policy.

FURTHER DISCUSSION:

We are prompted to amplify the discussion beyond the statement of the reasons for the decision heretofore given, because the question presented is one of first impression in this state and because the named insured has urged that we should follow the rule laid down in *Grimm v. Grimm, supra.*

At the outset, it should be stated that, in the absence of a property settlement agreement or a disposition of the property of the parties in a divorce decree, the weight of authority is that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the fact of divorce does not in itself affect the right of the named beneficiary to the proceeds of the policy. *Humphrey v. Mutual Life Ins. Co.* (1915), 86 Wash. 672, 151 Pac. 100. See, also, annotation in 52 A. L. R. 386.

It is recognized that a property settlement agreement for the disposition of the property of the parties by a divorce decree may divest the named beneficiary of her right to the proceeds of the policy if that is intended, and the question becomes, What language is sufficient to evidence that intention? The named beneficiary's position on this appeal is, we think, fairly stated in the following excerpt from *Meherin v. Meherin* (1950), 99 Cal. App. (2d) 596, 222 P. (2d) 305:

" 'A wife as beneficiary under an insurance policy retains her status as such unless it clearly appears from the agreement that in addition to the segregation of the property of the spouses, it was intended to deprive her of the right to

take under the insurance contract as beneficiary. . . . Such rights are waived only when it appears that the attention of the parties was directed to such expectancies and their intention to disclaim future rights that might develop from such expectancies was made clear in the contract.' "

The California cases are agreed that where a wife is named as beneficiary in a life insurance policy on her husband's life, she may, by property settlement agreement, divest herself of all interest as such beneficiary, even though she remains as the named beneficiary at the time of the husband's death.

This is true, even though no divorce follows the property settlement agreement, and even though the husband reserved no right to change the beneficiary. *Meherin v. Meherin, supra.*

In *Thorp v. Randazzo* (1953), 41 Cal. (2d) 770, 264 P. (2d) 38, 252 P. (2d) (Cal. App.) 737, and *Sullivan v. Union Oil Co. of Cal.* (1940), 16 Cal. (2d) 229, 105 P. (2d) 922, it was held that the intention was that the wife, though the named beneficiary, should not be entitled to the proceeds of the policy. (See, also, *Prudential Ins. Co. v. Quay* (1953), 115 F. Supp. 63.)

In *Miller v. Miller* (1949), 94 Cal. App. (2d) 785, 211 P. (2d) 357, and *Grimm v. Grimm* (1945), 26 Cal. (2d) 173, 157 P. (2d) 841, it was held that the intention was that the wife, as the named beneficiary, was entitled to the proceeds of the policy. (See, also, *Parrish v. Kaska* (1953), 204 F. (2d) 451.)

The only California case which we have found which construes the provisions of a divorce decree on this particular question is *Shaw v. Board of Administration, State Employees' Retirement System* (1952), 109 Cal. App. (2d) 770, 241 P. (2d) 635. This was an application for a writ of mandamus to compel the board of administration of the state employees retirement system to pay death benefits to the petitioner as the beneficiary named by her divorced husband during their marriage and not changed after divorce. The only reference to the property of the parties

was that an award of four hundred dollars was made to the wife by the divorce decree in lieu of her interest in the community property. The court of appeals held that such provision in the divorce decree did not abrogate her rights as beneficiary. The rights of the parties under the retirement system were not raised or litigated in the action, and there was no property settlement agreement. This case cites and follows the *Grimm* case, *supra*. (The distinction between the terms of the decree in the *Shaw* case and the decree we have under consideration is too obvious to require comment.)

The diversity in the California cases is summed up by the court in *Miller v. Miller*, *supra*, after discussing the holding in *Sullivan v. Union Oil Co. of Cal.*, *supra*, and *Grimm v. Grimm*, *supra*:

"It would seem, from these cases, that where such a settlement agreement covers all of the property of the parties and the wife, in accepting certain provisions for her benefit, fully releases the husband with respect to all other property, such a release would ordinarily cover and include her interest as named beneficiary under an insurance policy; and that where the language used is not broad enough to include such an interest, or where an intent appears to exclude such rights as a present part of the settlement, the wife will still take as beneficiary if the policy so provides."

The court then concludes that each case must be decided on its own facts and on the language used in the property settlement agreement.

We are of the opinion that both the *Grimm* case and the *Miller* case have been considerably circumscribed by the later cases of *Meherin v. Meherin, supra, Thorp v. Randazzo, supra,* and *Prudential Ins. Co. v. Quay, supra* (a United States district court case in one of the California districts), all of which cite, quote and distinguish *Grimm v. Grimm, supra.* In the process of distinguishing the *Grimm* case, the *Thorp* case places special emphasis on the distinction between language which indicates a present and not a possible future " 'renunciation by the husband of the wife as beneficiary.' " This has reference to the fact that, in the *Grimm*

case, the property settlement agreement provided that the husband " 'shall have the right to change the beneficiary of the insurance policy,' " and the court reasoned that this did not indicate a present change in the interest of the beneficiary, and that it did no more than authorize a possible future change. Such is not the situation in the present case, as the distribution of the property made by the court is immediately effective.

*Miller v. Miller, supra,* is also readily distinguishable from the instant case, in that the property settlement agreement made no mention of the insurance policy; did not purport to dispose of all of the property of the parties, but merely gave certain items of property to each of the spouses; and there was no provision in the agreement whereby all of the property not specifically awarded to one became the property of the other. It further appears that, three months after the property settlement agreement was executed and a month after the interlocutory decree of divorce was entered (nothing is said about a final decree being entered), the husband handed the policies in question to the wife, saying, " 'Here is some papers that belong to you.' "

Our holding, however, is not predicated upon being able to distinguish *Grimm v. Grimm, supra, Miller v. Miller, supra,* and *Shaw v. Board of Administration, supra,* from the instant case. We are satisfied that the court, by the terms of the divorce decree in the present case, divested the wife of all interest as the beneficiary of the insurance policy awarded to the husband.

DISPOSITION OF THE CASE:

We find no error in the trial court's findings or in its disposition of this case, and the judgment awarding the proceeds of the insurance policy to the administrator of the insured's estate is affirmed.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.