UNITED BENEFIT LIFE INSURANCE COMPANY, a corporation, Plaintiff,

v.

Mabel D. SHANAHAN, now known as Mrs. Leon De Carli, Ruth H. Shanahan, and Bunker Brothers Mortuary, Defendants.

Ruth H. SHANAHAN, Cross-Complainant,

v.

Mabel D. SHANAHAN, now known as Mrs. Leon De Carli, and Bunker Brothers Mortuary, Cross-Defendants.

No. 34591.

United States District Court
N. D. California, S. D.

Dec. 30, 1955.

---

Horace T. Beverly & Bertrand F. Lurie, San Francisco, Cal., for plaintiff.

Barton & Hehir, San Francisco, Cal., for defendant Ruth H. Shanahan.

Charles A. James, Stockton, Cal., for cross-defendant Mabel D. Shanahan, now known as Mrs. Leon DeCarli.

ROCHE, Chief Judge.

This court has jurisdiction of the above cause by virtue of 28 U.S.C.A. §§ 1335, 2361.

The facts of this case are as follows:

James E. Shanahan, decedent, married Mabel D. Shanahan, cross-complainant on July 29, 1945. A policy of life insurance was issued by United Benefit Life Ins. Co. on November 25, 1947, insuring the life of James E. Shanahan. This policy issued one and a half years after the marriage of James and Mabel Shanahan and specified "Mabel Shanahan, Wife" as beneficiary. At all times herein mentioned the insured under the terms of said policy reserved the right to change the beneficiary of said policy.

Mabel and James Shanahan were divorced on September 24, 1952, and James Shanahan subsequently married Ruth Hutchison on December 4, 1952. The parties to the divorce did not enter into a property settlement agreement.

The policy provides that any change of beneficiary should be effected by notification of the insurer at its home office. The designated beneficiary of said policy was never changed in conformity with the formal requirements of said policy of insurance, but prior to his death and after conferring with Mabel D. Shanahan, now known as Mrs. Leon De Carli, the insured procured from her, her signature on a change of beneficiary form respecting said policy.

Ruth H. Shanahan testified that the original policy and the signed change forms were handed to her by her husband, the insured, approximately seven days before he was injured in an automobile accident which confined him until May 24, 1954. The insured died on June 7, 1954, seventeen days after his final release from the hospital. At the time of his death the policy of insured was still in effect bearing the name of "Mabel Shanahan, Wife," as beneficiary.

Mabel D. Shanahan (now Mrs. De Carli) testified that the said insured orally agreed with said first wife to keep her as beneficiary under the policy until certain funds owed by insured to her were repaid.

According to the testimony of Mrs. Ruth Shanahan, the decedent showed her on December 4, 1952, an airline policy

of insurance (trip insurance) whereon he had written a statement to the effect that she would be the beneficiary of his policy. It is alleged that the deceased wrote to the insurer regarding a change of beneficiary and that the Company replied setting out the prescribed procedure for effecting said change. In 1953, as previously mentioned he procured Mrs. De Carli's signature on a blank change of beneficiary form although never making any overt effort to change the beneficiary thereafter.

The beneficiary form signed by Mrs. De Carli is entitled "Policy Change Request Form." At the bottom Mrs. De Carli affixed her name, "Mabel Shanahan now Mrs. Leon De Carli, Rt. 5, Box 80, Stkn." The only other writing that she entered on the form was to indicate the policy number and then under item 2, "Change name by reason of" she placed an "X" after "Marriage" and "Divorce". No writing is contained under item "Change beneficiary to." The court concludes that this evidence does not constitute a waiver by Mrs. De Carli of any rights she may have under said policy, and that the evidence in this case supports her contentions regarding the issue raised.

In the case of Cook v. Cook, 1941, 17 Cal.2d 639, 111 P.2d 322, 328, the court states: " * * * as a general principle, the method prescribed by the policy must be followed, * * * unless whatever occurred in that respect comes within one or more of the three exceptions to the rule." These exceptions generally speaking are as follows:

1. Where the insurance company has waived strict compliance with its own rules and pursuant to request of insured to change his beneficiary has issued a new certificate the original beneficiary will not be heard to complain that the course indicated by the regulation was not pursued.

2. Where it is beyond the power of the insured to comply literally with the regulations a court of equity will treat the change as having been made.

3. Where the insured has pursued the ways indicated by the laws of the company and has done all in his power to change the beneficiary but before the new certificate is actually issued he dies, a court of equity will treat such change of beneficiary as having been made.

"In short, where the power to change beneficiary is reserved, the beneficiary has an expectancy and will receive the proceeds of the policy if it is in force at the insured's death with the beneficiary unchanged". Morrison v. Mutual Life Ins. Co. of New York, 1940, 15 Cal.2d 579, 103 P.2d 963, 966.

In the instant case in a period of over three years decedent never complied with the requirement that he notify the Company of his desire to change beneficiary. Decedent's failure to change his beneficiary in compliance with the policy requirements confirms the designation of beneficiary appearing on the policy, Thorp v. Randazzo, 1953, 41 Cal.2d 770, 264 P.2d 38.

Counsel for deceased's second wife agree in their brief with Mrs. De Carli's counsel that the termination of the marriage relationship between the named beneficiary and the insured did not, in itself, bring about a change of beneficiary, nor does counsel have any argument with Cook v. Cook, supra, as authority that the beneficiary cannot be changed by the will of insured. What counsel for the second wife contends is that the holographic writings of the insured are merely two circumstances that will be considered by the court, and are in addition to other acts of the insured manifesting his intent to change the beneficiary of his policy. In this regard the case of Thorp v. Randazzo, supra, is cited for the proposition that each case regarding beneficiary changes must be decided on its own facts.

The court has considered all of the evidence presented at the trial of the instant case, and has read the law regarding the application of equity principles to such situations, and concludes that under the evidence, and the law, Mrs. De

Carli is entitled to the proceeds of the insurance policy.

In accord with the foregoing,

It is ordered that judgment be entered herein upon findings of fact and conclusions of law in favor of Mabel D. Shanahan, now known as Mrs. Leon De Carli against Ruth H. Shanahan and United Benefit Life Ins. Company. The respective parties to pay their own costs.