[Civ. No. 22703.   Second Dist., Div. One.   Feb. 3, 1958.]

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Plaintiff, v. INEZ E. BROADHURST, Respondent; ANNA BROADHURST MORGAN, as Administratrix, etc., Appellant.

Alex Goldberg for Appellant.

Kenneth W. Gale for Respondent.

HERNDON, J. pro tem.*—The determinative question presented on this appeal is whether it must be held as a matter of law that by the terms of a property settlement agreement respondent, the divorced wife of an insured, effectively waived

*Assigned by Chairman of Judicial Council.

her right to receive, as beneficiary, the proceeds of a policy of insurance on the life of her former husband.

In this interpleader action brought by the insurance carrier, the tripartite contest over the policy proceeds was waged in the trial court by (1) respondent, the former wife of the insured, who was the named primary beneficiary, (2) appellant, the administratrix of the insured's estate, and (3) Sherry Lee Chapman, respondent's minor daughter, who was the named secondary beneficiary. Upon findings of fact and conclusions of law favorable to respondent, the trial court held that her right to take as beneficiary was not foreclosed by the provisions of the property settlement agreement and rendered judgment accordingly. The administratrix of the insured's estate has appealed from the judgment and from an order denying her motion for a different judgment.

Richard Broadhurst, the deceased, was the insured under a life insurance policy issued in January, 1946. His then wife Adna was named primary beneficiary. His marriage to Adna having been dissolved by divorce, he executed a change of beneficiary form dated January 19, 1948, naming his father as primary beneficiary. On February 17, 1951, insured was married to Inez, the respondent here. On June 14, 1952, the insured executed a change of beneficiary form naming respondent primary beneficiary and his father secondary beneficiary. A few weeks later, Inez and the insured separated. Thereafter, on December 1, 1952, insured executed a third change of beneficiary form, redesignating respondent as primary beneficiary and naming her minor daughter Sherry as secondary beneficiary.

The insured and respondent entered into a property settlement agreement dated March 2, 1953, which was approved in an interlocutory divorce decree dated April 3, 1953. The preamble to the agreement refers to the pendency of the divorce suit and contains the following recital: "WHEREAS it is the mutual desire of the parties to settle and adjust now and forever all property rights and all rights, obligations and duties so far as is within their power so to do arising out of or founded upon the marital relationship or otherwise, and to waive all rights, duties and privileges not herein expressly reserved in favor of either and against the other existing prior to and on the date hereof, so that henceforth all rights, duties, privileges, obligations and liabilities of the parties hereto shall be exclusively based upon and determined by the terms of this agreement."

Among the provisions of the agreement dividing the various items of real and personal property between the parties is the following: "Wife also transfers to husband any interest she may have in the life insurance policy on the life of the husband." The trial court found that the last quoted provision referred to the policy involved in this action but held that it was not intended as a waiver or relinquishment of her right to take as a beneficiary of the policy.

The final decree terminating the marriage of respondent and the insured was entered on May 11, 1954. Thereafter respondent married a Mr. Newell and on April 3, 1955, the insured married Erma Broadhurst. Insured was murdered by Erma on August 12, 1955. Erma was named a party defendant in this action, but she failed to appear and her default was duly entered.

The interest of a beneficiary designated by an insured who has the right to change the beneficiary is, like that of a legatee under a will, a mere expectancy of a gift at the time of the insured's death. (*Thorp* v. *Randazzo*, 41 Cal.2d 770, 773 [264 P.2d 38] ; *Grimm* v. *Grimm*, 26 Cal.2d 173, 176 [157 P.2d 841].) It is recognized that an expectancy may be assigned or renounced and that such assignment or renunciation becomes enforceable when the expectancy has developed into a right. (*Sullivan* v. *Union Oil Co.*, 16 Cal.2d 229, 237 [105 P.2d 922] ; *Bennett* v. *Forrest*, 24 Cal.2d 485, 492 [150 P.2d 416] ; *Estate of Crane*, 6 Cal.2d 218, 220 [57 P.2d 476, 104 A.L.R. 1101].)

It is well settled, however, that a contract constitutes an equitable assignment or renunciation of an expectancy only if it expressly or by necessary implication so provides. It is further settled that "general expressions or clauses in such agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other." (*Thorp* v. *Randazzo, supra,* p. 774; *Grimm* v. *Grimm, supra,* p. 176.)

From the cited decisions it becomes manifest that in each case the controlling question basically was one of fact: *What did the parties intend?* And so it necessarily follows that "each case must be decided upon its own facts." (*Thorp* v.

*Randazzo, supra,* p. 774; *Miller* v. *Miller,* 94 Cal.App.2d 785, 790 [211 P.2d 357].)

██ Our application of the above stated principles of law to the facts of the instant case leads us to the conclusion that the decision of the trial court must be sustained. The strength of the factual element in that decision is emphasized by the presence in the record of circumstantial evidence extrinsic to the agreement from which the trial judge could draw legitimate inferences in aid of his interpretation. Within a period of less than six years, the insured had executed three different change of beneficiary forms. This indicated his knowledge of, and his readiness to exercise, the procedure prescribed by the company for changing beneficiaries. After separating from respondent, he *redesignated* her as beneficiary and made her daughter his secondary beneficiary. He lived more than two years after the agreement was executed, more than one year after his divorce from respondent became final, and more than four months after his marriage to the woman whose criminal act effectively terminated his earthly existence. These facts and circumstances strengthen the application of the rule that failure of the insured to change the beneficiary may be regarded as indicative of his intent not to effect a change. (*Shaw* v. *Board of Administration,* 109 Cal.App.2d 770, 776 [241 P.2d 635]; *Estate of Crane, supra,* p. 221; *Miller* v. *Miller, supra,* p. 790.)

Respondent's reliance upon the decision in *Grimm* v. *Grimm, supra,* is justified. Indeed, the language of the property settlement agreement involved in the Grimm case afforded a stronger basis for the argument that a renunciation and transfer of the expectancy was intended than does the agreement involved here. By the terms of the agreement in Grimm it was provided that the wife (beneficiary) ''hereby transfers releases and relinquishes to first party all interest in and to said policy of insurance and the premiums paid thereunder *and the avails thereof.*'' (Emphasis added.) It is self-evident that the last quoted language is broader and more inclusive than the corresponding language of the agreement in the instant case.

The cases primarily relied upon by appellant, to-wit, *Thorp* v. *Randazzo, supra,* and *Sullivan* v. *Union Oil Co., supra,* are distinguishable upon the basis of substantial differences in the language of the agreements involved. The Supreme Court alluded to these differences in *Thorp* v. *Randazzo* (pp. 775 and 776) in distinguishing *Grimm* v. *Grimm, supra.* ██ Addi-

tionally, appellant is confronted by the rule that an appellate court will accept or adhere to the interpretation of a contract adopted by the trial court—and not substitute another of its own—where parol evidence was introduced in aid of its interpretation, and the evidence is such that conflicting inferences may be drawn therefrom. (*Estate of Rule*, 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319]; *Universal Sales Corp.* v. *California Press Mfg. Co.*, 20 Cal.2d 751, 772 [128 P.2d 665].)

Respondent advances the further contention that appellant is without standing to maintain this appeal for the reason that the nonappealing secondary beneficiary would have been entitled to the policy proceeds if there had been an effective renunciation by respondent. (See *Beck* v. *West Coast Life Ins. Co.*, 38 Cal.2d 643 [241 P.2d 544, 26 A.L.R.2d 979].) Our disposition of the controlling question first presented makes it unnecessary for us to decide the merits of this latter contention.

The judgment and order appealed from are affirmed.

White, P. J., and Fourt, J., concurred.