# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES YOUNG, | ) |
| | ) No. 70922-4-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| SEI PRIVATE TRUST COMPANY, a | ) |
| foreign corporation and R. AUGUST | ) |
| KEMPF, dba Kempf and Company, | ) |
| | ) |
| Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| T.D. AMERITRADE, a corporation, | ) |
| | ) FILED: September 22, 2014 |
| Defendant. | ) |

TRICKEY, J. — In order to defeat a supported motion for summary judgment, the nonmoving party must demonstrate a genuine factual issue as to every element of the case. Appellant James Young failed to make any showing that respondent R. August Kempf improperly disbursed funds from an investment account. Consequently, the trial court properly dismissed Young's claims against Kempf on summary judgment. Because Kempf was the prevailing party in an action alleging damages of $10,000 or less, the trial court did not err in awarding reasonable attorney fees under RCW 4.84.250. We affirm.

## FACTS

The material facts are not disputed. James Young and Billi Dunning dissolved their marriage on March 23, 2012.[1] The dissolution decree awarded Dunning's

---

[1] Clerk's Papers (CP) at 67.

individual retirement account (IRA) to Young.[2] SEI Private Trust Company (SEI) was the IRA plan administrator. R. August Kempf is the president of Kempf & Company (collectively Kempf), which managed Dunning's IRA account.[3]

Young alleges that at some unspecified date after the dissolution, he provided SEI with a copy of the decree and "personally notified Kempf of [the award of the IRA] and asked that it be transferred directly to me so that no further trades could be made by my wife."[4] Young also requested a detailed accounting of the transactions for the year 2012.[5]

On September 10, 2012, Dunning withdrew $3,500 from the IRA.[6] On September 19, 2012, the dissolution court entered a qualified domestic relations order (QDRO) granting Young, as the alternate payee, "the right to receive 100% of the Participant[ Dunning's] account under the Plan as of the date of distribution (date it is transferred to the Alternate Payee)."[7] The QDRO directed that payment be made to Young "as soon as practicable" after service of the order on SEI.[8] On September 25, 2012, SEI distributed the balance of the IRA, $46,778.72, to Young and closed the account.[9]

---

[2] CP at 118.
[3] CP at 20.
[4] CP at 118.
[5] CP at 119.
[6] CP at 27.
[7] CP at 85.
[8] CP at 85.
[9] CP at 28-29.

On March 26, 2013, Young filed a complaint for account disclosure against Kempf, requesting an accounting for the IRA.[10] Kempf provided Young with a complete accounting in April 2013.[11]

On May 24, 2013, Young filed an amended complaint, alleging that he was entitled to an additional $3,903.00 from the IRA because Kempf and SEI had disbursed the amount even though they had "actual and constructive knowledge that the particular account was the property of Plaintiff." Young asked for the entry of a judgment in this amount against Kempf and for an award of reasonable attorney fees and costs.[12]

Kempf moved for summary judgment.[13] During the course of the motion hearing on August 9, 2013, Young suggested that Kempf had improperly disbursed $3,500 to Dunning because he had already received notice of the QDRO.[14] The trial court continued the hearing to permit the parties to provide the details about the QDRO, which was not in the record before the court.[15]

When the hearing resumed on August 23, 2013, neither Young nor his counsel appeared.[16] The trial court granted summary judgment, dismissed all of Young's claims

---

[10] CP at 1. The complaint also named "Ameritrade" as a defendant. Young's claims against Ameritrade are not part of this appeal.
[11] CP at 46.
[12] CP at 3-4.
[13] CP at 15.
[14] Report of Proceedings (RP) at 22.
[15] RP at 25.
[16] CP at 81.

against Kempf, and awarded Kempf attorney fees and costs totaling $9,271.38.[17] The court denied Young's motion for reconsideration on September 3, 2013.[18]

ANALYSIS

Standard of Review

We review an order of summary judgment de novo and determine whether the supporting materials, viewed in the light most favorable to the nonmoving party, demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); Hartley v. State, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). The moving party under CR 56 can satisfy its initial burden by demonstrating the absence of evidence supporting the nonmoving party's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for trial. Kendall v. Public Hosp. Dist. No. 6, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991). A "'complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

Young contends that Kempf had a duty to transfer the IRA account to him on request because his interest in the account "vested" upon entry of the dissolution

---

[17] CP at 116-17.
[18] CP at 105.

4

decree.[19] He relies on the general principle that a dissolution decree "operates not only to vest in the spouse designated the property awarded to him or her, but to divest the other spouse of all interest in the property so awarded, except as the decree may otherwise designate." United Benefit Life Ins. Co. v. Price, 46 Wn.2d 587, 589, 283 P.2d 119 (1955), overruled on other grounds by Aetna Life Ins. Co. v. Wadsworth, 102 Wn.2d 652, 689 P.2d 46 (1984).

But contrary to Young's contentions, the trial court correctly recognized that the general principle set forth in Price addresses only the respective property rights of the parties before the court in the dissolution proceeding. See Price, 46 Wn.2d at 588-89. Neither below nor on appeal has Young identified any authority or legal theory suggesting that the dissolution decree imposed an obligation on third parties to transfer property before entry of the QDRO. Because the challenged withdrawal occurred before entry of the QDRO, Young failed to demonstrate that Kempf's actions were improper. The trial court properly entered summary judgment dismissing Young's claims against Kempf.

For the first time on appeal, Young contends that there are material factual issues as to whether Kempf supplied "false information"[20] under a theory of negligent misrepresentation. Because Young neither pleaded nor argued this claim to the trial court, we decline to consider it for the first time on appeal. See Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008); see also RAP 9.12 ("On review of an

---

[19] Br. of Appellant at 6.
[20] Br. of Appellant at 8.

order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").

Young also contends that the trial court erred in awarding Kempf attorney fees. RCW 4.84.250 authorizes an award of attorney fees in actions in which "the amount pleaded" is $10,000 or less. A defendant is the "prevailing party" under RCW 4.84.250 if the plaintiff "recovers nothing." RCW 4.84.270; see AllianceOne Receivables Mgmt., Inc. v. Lewis, 180 Wn.2d 389, 395, 325 P.3d 904 (2014).

Young asserts that he "prevailed" on his separate cause of action for an accounting because Kempf supplied an accounting and that Kempf prevailed on the action for a money judgment. Because both parties prevailed, Young maintains that neither party was entitled to an award of attorney fees.

Young initially filed a complaint for account disclosure and sought a judgment compelling a written accounting. The court made no ruling on the allegations in the complaint. Young amended the complaint to request only a monetary judgment for Kempf's alleged mishandling of the funds in the IRA account. The trial court dismissed all of Young's claims against Kempf and entered a judgment solely in Kempf's favor. Young did not prevail in a separate cause of action, and he recovered nothing. The trial court properly awarded attorney fees under RCW 4.84.250.

As the prevailing party, Kempf is also entitled to an award of attorney fees on appeal. RCW 4.84.290; see RCW 4.84.250. We grant Kempf's request and award reasonable attorney fees on appeal, subject to compliance with RAP 18.1(d).

Affirmed.

Trickey, J

WE CONCUR:

Spearman, C.J.