CHICAGO, MILWAUKEE, AND ST. PAUL RAILWAY COMPANY *v.* UNITED STATES.

UNITED STATES *v.* CHICAGO, MILWAUKEE, AND ST. PAUL RAILWAY COMPANY.

The provisions of the act of July 12, 1876, c 179 (19 Stat. 78), touching a reduction of rates for railway service, do not apply to a contract then in force which provided for transporting the mails for a term of years.

APPEALS from the Court of Claims.
The facts are sufficiently stated in the opinion of the court.

*The Solicitor-General* for the United States.
*Mr. John W. Cary, contra.*

MR. JUSTICE MATTHEWS delivered the opinion of the court.
The action in the Court of Claims was brought by the Chicago, Milwaukee, and St. Paul Railway Company to recover compensation withheld by the Postmaster-General, claimed to

be due upon a written contract for mail service, entered into. July 1, 1875, for the period of four years.

The amount in controversy had been retained by the Postmaster-General as a reduction of the ten per cent on the previous rates, under the provision in the act of July 12, 1876, c. 179, and of the further reduction of twenty per cent on the remainder, under the thirteenth section of that act, it being insisted that the company's road had been constructed, in whole or in part, by the aid of a grant of public lands by Congress.

The Court of Claims found that the company had not been aided in the construction of its road by a land grant, and that it was, therefore, not subject to the deduction from its compensation made on that account. From that part of the judgment the United States appealed.

It also found that the Postmaster-General was entitled to make the deduction of ten per cent. From that part of the judgment the company appealed.

This case is covered by the decision in *Chicago & Northwestern Railway Company* v. *United States* (*supra*, p. 680), where it is held that the deduction under that section could not be made against a company whose road had been the subject of a land grant, when the service had been rendered during the term of a written contract for four years, which had not terminated when the act took effect.

The question in the present case, therefore, whether the railroad of the company was or was not the subject of a land grant becomes immaterial; although were it otherwise we should have no hesitation in affirming the finding of the Court of Claims upon that point, for the reasons set forth in its opinion.

Upon the question of the ten per cent deduction, the Court of Claims held that the act of July 12, 1876, operated as a notice that the service would be discontinued under the old rates, and would be continued, if at all, under the new rates; and that, as the claimants continued to render the service under the new law without dissent or protest, it was to be presumed that they acquiesced in its provisions and accepted the change which it made in their contract.

We are unable to agree with this view, for the reasons already stated. That act was not intended to apply to the case of contracts previously made for a term of years, not expired when it took effect.

The judgment of the Court of Claims must, therefore, be reversed, and the cause remanded with instructions to render a judgment in favor of the claimants for the full amount of their claim; and it is

*So ordered.*