OPINION.
Davis, J.,
delivered the opinion of the court:
This claim consists of two items, which have no connection with each other.
The first claim is described as follows in the findings:
In November, 1877, the claimant transported three officers and sixty-eight men belonging to the Army of the United States, one interpreter, two hundred and sixty-seven adult'Indians (Nez Percé) prisoners, and fifty-two Indian prisoners between the ages of five and twelve years from St. Paul, Minnesota, to Fort Leavenworth, Kansas, by railroad.
And said transportation was had under a special contract made with the claimant by the Quartermaster-General at the following rates, namely: For each adult, $10.84; for the children, $5.42 each; and with the condition that no deduction should be made on account of “land grant,” as the special *373 rates given fell below tbe rates charged to the public after due allowance for land-grant distance.
The claimant has received from the Government compensation, at the contract rates, for the transportation of the Indian prisoners, and also 50 per cent, only of the contract rate for the transportation of the said officers, soldiers, and interpreter.
In tbe case of tbe Northern Pacific Railroad Company (15 C. Cls. R., 428) we bad before us a claim similar to tbis, and we said:
' It is admitted that these contracts were made in good faith, and it is apparent that the parties, in fixing the entire through rate, took into consideration the discount on the transportation _over the land-grant road. It might and probably would have been better if they had had the power to do this. But Congress has seen fit to confide that power to this court. There is enough in the record, however, to satisfy us that the amount allowed to the land-grant roads gave them substantially what they would have received under the rule laid down by us in the Atchison, Topelea and Santa Fé. Case (15 C. Cls. R.,' 126), and we are not disposed to disturb the agreement of the parties for this small difference. Deminimis non curat lex.
We accordingly gave tbe claimant judgment for tbe 50 per cent, retained by tbe Government in that case, and can see no reason why we should not do the same in tbis case. Tbe amount is $390.24.
Tbe second claim is for deductions made from tbe contract price for- transportation of mails under a time contract. ’ Tbe legal questions raised by tbe findings differ in no respect from those already decided by tbe Supreme Court in tbe cases of the Chicago and Northwestern Railway Company (104 U. S. R., 680) and the Chicago, Milwaukee and Saint Paul Railway Company (104 U. S. R., 687). We are constrained by tbe rulings in those cases to give-judgment for tbe claimants for tbe full amount of tbis branch- of their claim, viz:
Retention on route 26009 .. $8,200 23
Retention on route 26010 . 2,613 63
Retention on route 27025 . 6,381 32
Total. 17,195 18
The judgment of tbe court is that tbe claimants recover of the defendants tbe sum of $17,585.42.
The Chief Justice took no part in the decision of tbis case.