# ST. PAUL & DULUTH RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted December 8, 1884.—Decided January 5, 1885.

A voluntary transfer of a claim against the United States by way of mortgage, completed and made absolute by judicial sale, is within the provision, in Rev. Stat. § 3477, that assignments of claims against the United States shall be void, "unless they are freely made and executed, in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof."

A transfer of a contract with the United States by way of mortgage, completed and made absolute by judicial sale, is within the prohibition of Rev. Stat. § 3737, that "no contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other

party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned."

The rulings of the court in *Chicago & Northwestern Railway Co.* v. *United States*, 104 U. S. 680, and *Chicago, Milwaukee & St. Paul Railway Co.* v. *United States*, 104 U. S. 687, maintained.

This case came up on appeal from the Court of Claims.

The facts which make the case are stated in the opinion of the court.

*Mr. J. F. Farnsworth*, for appellant.

*Mr. Solicitor-General*, for appellee.

Mr. Justice Matthews delivered the opinion of the court.

On the 8th day of October, 1875, the Lake Superior and Mississippi Railroad Company entered into a contract in writing with the United States, acting by the Postmaster-General, for carrying the mails between St. Paul and Duluth for a term of four years, for an agreed compensation of $13,859.97 per annum.

On the 20th day of October, 1876, the Postmaster General gave notice to the company of a reduction in its compensation at the rate of $2,772 per annum, in accordance with the Post Office Appropriation Act of July 12, 1876; and on the 28th day of August, 1878, a further decrease was notified by the department under the Post Office Appropriation Act of June 30th, 1878, amounting to $498.96 per annum.

The total reduction amounted to $12,141.36, of which $3,686.76 was made prior to June 12, 1877, and $8,454.60 after that date. The service rendered during the first period was by the contractor, the Lake Superior and Mississippi Railroad Company; during the latter period, by the appellant, the St. Paul and Duluth Railroad Company, claiming to be the successor to all rights of the former under the contract.

Its title thereto arises under a judicial sale by virtue of a decree of the Circuit Court of the United States for the District of Minnesota, foreclosing a mortgage given by the Lake Superior and Mississippi Railroad Company to trustees to secure its bonds, dated January 1, 1869.

This mortgage professes to convey the lands of the mortgagor, to which it was or might be entitled under grants from the United States and the State of Minnesota, and its railroad constructed or to be constructed, right of way, and all tracks, bridges, viaducts, culverts, fences, depots, station-houses and other similar houses, superstructures, erections, and fixtures held or to be acquired for the use of the railway, or in connection therewith, or the business thereof; also, all locomotives, tenders, cars, rolling stock or equipments, and all machinery, tools, implements, &c., and also all franchises connected with or relating to said railway and said line of telegraph, and all corporate franchises of any nature, including the franchise to be a corporation, and all endowments, income and advantages, &c., to the above-mentioned lands, railroad, or property belonging or appertaining, and the income, rents, issues and profits thereof.

The decree for sale directs the sale of the mortgaged premises, and a sale thereof was confirmed by the court and a conveyance made to the appellant, a corporation organized by the purchasers for that purpose, under the laws of Minnesota, on June 27, 1878.

In respect to the claim of the appellant for so much of the reduction made by the Post Office Department as relates to the service performed prior to the sale by the Lake Superior and Mississippi Railroad Company, it would be governed by the decision of this court in the cases of the *Chicago & North Western Railway Co.* v. *United States,* 104 U. S. 680, and the *Chicago, Milwaukee & St. Paul Railway Co.* v. *United States,* 104 U. S. 687, if the corporation with whom the contract was made were the claimant; but we do not find in the mortgage, or decree for sale, any terms of description, as to the property and interests conveyed, sufficient to pass the interest therein of the original company to the purchasers at the sale.

The same remark applies to the contract itself. The appellant, by virtue of the sale of the railroad and property rights mortgaged, did not become assignee of the contract between the United States and the Lake Superior and Mississippi Railroad Company, and can claim nothing as such in this suit.

There are no words of description in the mortgage which include it. The fact that service was performed in carrying the mail, subsequent to the sale, by the appellant, does not commit the government to a recognition of the contract as if made with it. No such recognition is found as a fact by the Court of Claims, and it is apparent, from the facts found, that the Post Office Department treated the service performed by the appellant as subject to regulation according to the terms of the act of June 17, 1878, which justified the reduction complained of.

If it were otherwise, however, the appellant's case must still fail.

That part of its claim for services rendered prior to the sale by the Lake Superior and Mississippi River Railroad Company falls within the prohibition of Rev. Stat. § 3477, which provides that, "All transfers and assignments made of any claim upon the United States, or any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof."

In *Erwin* v. *The United States*, 97 U. S. 392, it was held that an assignment by operation of law to an assignee in bankruptcy was not within the prohibition of the statute; and in *Goodman* v. *Niblack*, 102 U. S. 556, a voluntary assignment by an insolvent debtor, for the benefit of creditors, was held valid to pass the title to a claim against the United States. But, in our opinion, the present case is not within the principle of these exceptions, but falls within the purview of the prohibition. It is a voluntary transfer, by way of mortgage, for the security of a debt, and finally completed and made absolute by a judicial sale.

If the statute does not apply to such cases, it would be difficult to draw a line of exclusion which leaves any place for the operation of the prohibition.

So, the transfer, by the same proceeding, of the contract itself, so as to entitle the assignee to perform the service and claim the compensation stipulated for, is forbidden by Rev. Stat. § 3737, which provides that " no contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned."

The explicit provisions of this statute do not require any comment. No explanation could make it plainer.

*The judgment of the Court of Claims is affirmed.*

*Flint & Pere Marquette Railroad Company* v. *United States* was also an appeal from the Court of Claims. See 18 C. Cl. 420. The facts raised the question decided in the second branch of the foregoing case. Judgment below affirmed, see post, 762.