### HALL et al. v. CHANDLER et al.

(Circuit Court of Appeals, First Circuit. May 25, 1923.)

No. 1613.

United States ⚖︎111—Assignment of claim prior to allowance creates no lien.

> Under Rev. St. § 3477 (Comp. St. § 6383), declaring to be void all transfers and assignments of claims against the United States, unless made after the allowance of such claim, an assignment by a manufacturer of moneys to become due from the government as security for money loaned to enable the completion of a government contract is void, and creates no lien on the funds paid by the government to receivers of the assignor.

Appeal from the District Court of the United States for the District of Massachusetts; George Hutchins Bingham, Judge.

Suit in equity by Stanley P. Hall and others against F. Alexander Chandler and another, coreceivers of the Nelson Blower & Furnace Company. Decree dismissing petitions, and certain petitioners appeal. Affirmed.

Stanley P. Hall, of Taunton, Mass. (Arthur V. Harper, of Boston, Mass., on the brief), for appellants.

Judd Dewey, of Boston, Mass., for appellees.

Before JOHNSON and ANDERSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is an appeal from a decree of the District Court of the United States, District of Massachusetts, in equity, dismissing the petitions of appellants, Stanley P. Hall et al., administrators of the estate of Alfred L. Lincoln, the Tanners' National Bank of Woburn, Mass., and the Mattapan National Bank of Boston, Mass., in which petitions they sought to establish a priority over general creditors to the sum of $18,500.53 in the hands of F. Alexander Chandler and Carleton Hunneman, appellees, coreceivers of the Nelson Blower & Furnace Company, which was paid the receivers in February, 1920, in settlement of a claim against the United States arising out of the cancellation of a war contract to furnish 5,000 mounts for the Browning machine gun. The petitioners claim an equitable lien upon said fund by reason of written contracts which

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

were given them by the Nelson Company as security for the repayment of money borrowed in connection with the munition contract.

The three petitions were heard together in the District Court upon an agreed statement of facts, and are before this court on the joint appeal of the administrators of the Lincoln estate and the Mattapan National Bank.

The lien contract with Alfred L. Lincoln, deceased, was dated May 31, 1919, and contained an assignment as security for a loan of $20,000 of money due or to become due from the United States in language in part as follows:

"The Nelson Blower & Furnace Company, a Massachusetts corporation, for valuable consideration paid, hereby sells and assigns to Alfred L. Lincoln * * * all and whatever sum or sums of money now due or coming due from the United States," etc.

The lien contracts with the Mattapan National Bank were dated, one August 15, 1919, and the other September 8, 1919, assigning the claim against the government as security for loans of $15,000 and $5,000, respectively. Both contracts contained apt words of assignment.

All the notes accompanying the above-mentioned instruments contained the following language:

"This note is secured by assignment of receivables due us this date from the United States government."

No claim was made upon the United States in behalf of either of the petitioners.

The uncompleted war contract between the Nelson Company and the United States was canceled by the latter in the winter of 1918, and in March, 1919, the Nelson Company made several claims upon the United States for damages arising therefrom, which were allowed in part and disallowed in part. In December, 1919, subsequent to the assignments above mentioned, the receiver presented a further claim against the United States for damages arising from the cancellation of the same contract.

On February 28, 1920, the same was allowed in part and the receiver obtained $18,500.53 in final settlement of all claims between the government and the Nelson Company.

On or about October 1, 1919, the petitioner's intestate, Alfred L. Lincoln, verbally and in writing notified the receivers that he held the instrument dated May 31, 1919, above referred to, and gave them a copy of the same. Notices of liens were given to the receivers by other petitioners on October 6, 1919.

The important question here is whether or not the District Court erred in ruling that the assignments by the Nelson Company, set forth in the written instruments relied on by the petitioners, are void under section 3477 of the Revised Statutes of the United States (Comp. St. § 6383). Said section is worded as follows:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such

claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

A number of cases are cited in the briefs of counsel in which the application of section 3477 has been determined by the United States Supreme Court. Most of these cases fall into one of three classes— cases in which an assignee of a claim has brought suit against the United States to recover on his assignment, United States v. Gillis, 95 U. S. 407, 417, 24 L. Ed. 503; Erwin v. United States, 97 U. S. 392, 24 L. Ed. 1065; St. Paul & Duluth R. R. Co. v. United States, 112 U. S. 733, 5 Sup. Ct. 366, 28 L. Ed. 861; Hager v. Swayne, 149 U. S. 242, 13 Sup. Ct. 841, 37 L. Ed. 719; Seaboard Air Line v. United States, 256 U. S. 655, 41 Sup. Ct. 611, 65 L. Ed. 1149; cases wherein it is held that the statute does not embrace actions wherein there has been a transfer by operation of law, such as claims passing to heirs, devisees, or assignees in bankruptcy, Goodman v. Niblack, 102 U. S. 556, 26 L. Ed. 229; Hobbs, Assignee, v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940; Butler v. Goreley, 146 U. S. 303, 13 Sup. Ct. 84, 36 L. Ed. 981; Price v. Forrest, 173 U. S. 410, 19 Sup. Ct. 434, 43 L. Ed. 749; National Bank of Commerce v. Downie, 218 U. S. 345, 31 Sup. Ct. 89, 54 L. Ed. 1065, 20 Ann. Cas. 1116; and a miscellaneous class wherein the decisions rest upon special facts quite foreign to the case at bar, Bailey v. United States, 109 U. S. 432, 3 Sup. Ct. 272, 27 L. Ed. 988; McGowan v. Parish, 237 U. S. 285, 37 Sup. Ct. 543, 59 L. Ed. 955, and Houston v. Ormes, 252 U. S. 469, 40 Sup. Ct. 369, 64 L. Ed. 667.

In none of the above-mentioned cases are the facts and law so closely in point as are those in Spofford v. Kirk, 97 U. S. 484, 24 L. Ed. 1032, and Nutt v. Knut, 200 U. S. 13, 26 Sup. Ct. 216, 50 L. Ed. 348. These decisions appear to be controlling on us. In both cases the issue was between the assignor and the assignee, the assignment was made before the claims were determined, and it was held that the assignee could not maintain his lien because of the provisions of section 3477. In the former case it is said by Mr. Justice Strong:

"We are brought, then, to the inquiry whether such an assignment of a claim against the United States, made before the claim has been allowed, and before a warrant has been issued for its payment, has any validity, either in law or in equity. * * * The language of the act is too sweeping and positive to justify us in giving it a limited construction. We cannot say, when the statute declares all transfers and assignments of the whole of a claim, or any part or interest therein, and all orders, powers of attorney, or other authority for receiving payment of the claim, or any part thereof, shall be absolutely null and void, that they are only partially null and void, that they are valid and effective as between the parties thereto, and only invalid when set up against the government."

The petitioners admit that no valid assignment or transfer of the fund while in possession of the government could be made, and say they have never claimed such an assignment or made any claim, direct or indirect, against it, or notified any government official of the existence of their liens. As we understand the petitioners' position, it is that, as soon as the money was paid by the United States to the receivers, it became charged in the hands of the receivers with an equitable lien in favor of the petitioners, which lien it is the duty of this court to enforce. This same argument was urged in the case of Spofford v. Kirk, supra, without effect.

The petitioners quote from language used in several of the cases cited to the effect that the purpose of the statute "is to prevent fraud on the Treasury." This is undoubtedly true. But in its effort to prevent the mischief Congress has declared that all assignments of choses in action against the government shall be absolutely null and void.

If the petitioners have any lien upon the funds in the hands of the receivers, it is because of the several instruments above set forth. The plain language of those instruments constitutes an assignment of the money that may be received from the government as security for the several amounts loaned by the petitioners to the Nelson Company. The assignments were made prior to the time the claim was allowed by the government. Section 3477 declares that such assignments are absolutely void. If void when made, we know of no law that will revive them after the claim has been allowed and the money paid over to the original claimants. The assignees' rights to liens could be rehabilitated only by new agreements between the assignor and assignees executed in conformity with the statute. We think this case is controlled by Spofford v. Kirk and Nutt v. Knut, supra.

The decree of the District Court, dismissing the petitions, is affirmed, with costs to the appellees.