Curtis B. DANNING, Trustee, Appellant,

v.

Francis MINTZ, Appellee.

No. 20578.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1966.

Rehearing Denied Nov. 25, 1966.

Herbert Wolas, Robinson & Wolas, Los Angeles, Cal., for appellant.

Francis Mintz, Beverly Hills, Cal., in pro. per.

Stuart M. Kaplan, Sulmeyer & Kupetz, Los Angeles, Cal., for amicus curiae (in support of appellant). Andrew Leoni, Slate & Leoni, Los Angeles, Cal., for amicus curiae (in support of appellee).

Before BARNES, CECIL * and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a decision of the United States District Court for the Southern District of California, Central Division, sitting in bankruptcy, which reversed an order of a referee in bankruptcy and remanded the matter to the referee for further findings. We agree the district court acted properly, and we affirm.

The district court had jurisdiction pursuant to 11 U.S.C. §§ 1(10), 11(10). This court has jurisdiction pursuant to 11 U.S.C. § 47.

This case involves the validity of an assignment of United States income tax claims by Albert M. Samuels and his wife to Francis Mintz, their attorney, where the assignment did not comply with federal law regarding assignment of claims against the government,

* Judge Lester L. Cecil of the Sixth Circuit sitting by designation.

and where the assignor went bankrupt after making the assignment but before it had been paid.

On March 6, 1963, Mr. and Mrs. Samuels purported to assign all of their interest in their 1962 income tax refund which they knew would be due as a result of the low level of their 1962 income. This "assignment" was made by written document. Appellant states that no notice of the assignment was ever given to the United States government, but appellee disagrees and states that notice was given, but that it was not such notice as is required by the Assignment of Claims Act, 31 U.S.C. § 203. It is undisputed that the various other requirements of 31 U.S.C. § 203 were not met. These other requirements include conditions that the assignment shall not be valid unless made after the allowance of the claim being assigned, after the ascertainment of the amount due, after the issuing of a warrant for the payment of the claim, and that the assignment must recite the warrant for payment.

On June 29, 1964, after the "assignment" had been made but before payment had been made by the government, Albert M. Samuels filed a voluntary petition in bankruptcy and was adjudicated bankrupt on the same day. Subsequently, government checks for the amounts of the refunds, payable to Mr. and Mrs. Samuels, were delivered to Mintz. Mintz then took the checks to the Samuels and had them endorse the checks so that he could obtain the proceeds.

Danning, as trustee in bankruptcy of the estate of Samuels, made demand upon Mintz for the money received as a tax refund by the bankrupt and his wife. Mintz refused to turn over the refund money, on the basis of the assignment entered into by the bankrupt more than four months prior to bankruptcy. The trustee then filed an application in the bankruptcy proceedings to determine the trustee's right to the refund. The question was briefed and argued before the referee in bankruptcy. The referee found that there had been no valid as-

signment because of the failure of the "assignment" to comply with the Assignment of Claims Act. He therefore held that the refunds were assets of the bankrupt estate and required Mintz to turn over the refunds to the trustee.

Mintz filed a petition for review in the district court. The district court held that the assignment could be valid between the parties even though it did not comply with the federal assignment act. The district court reversed the holding of the referee that the assignment was invalid under federal law, and remanded the matter to the referee to determine whether the assignment was valid under California law, a question which the referee had not dealt with specifically because he found California law not to be applicable. This appeal by the trustee followed.

I. Was the Assignment Void for Failure to Comply with the Assignment of Claims Act?

We are of the opinion that it was not —i. e., that the district court was correct, and the referee in error, in their respective interpretations of the effect of the Assignment of Claims Act. The major question in this case is succinctly and correctly decided in the following excerpt from the district court's opinion (C.T. pp. 73–4):

"The Referee concluded that since there was no compliance with § 203, the assignment was null and void and that since we are dealing with a special federal statute, the California law relating to assignments is not applicable. With this conclusion I must disagree.

"The Referee relies primarily upon the case of National Bank of Commerce [of Seattle] v. Downie, 218 U.S. 345 [31 S.Ct. 89, 54 L.Ed. 1065] (1910) in light of which authority the Referee's conclusions would seem to be correct. But although the Downie case has never been specifically overruled, it has been explained, distinguished and circumvented to the point that it no longer states the law. See

Martin v. National Surety Co., 300 U.S. 588 [57 S.Ct. 531, 81 L.Ed. 822] (1937); United States v. Aetna Casualty & Surety Co., 338 U.S. 366 at 373 [70 S.Ct. 207, 94 L.Ed. 171] (1949); In the Matter of Ideal Mercantile Corp., 244 F.2d 828 (2d Cir. 1957). The Ninth Circuit has explicitly rule [sic] that § 203 is meant for the protection of the United States and though an assignment may not comply with the terms of this section, the assignment may, nevertheless, be enforceable between the parties to the assignment. California Bank v. United States Fidelity & Guar. Co., 129 F.2d 751 (9th Cir. 1942). See also Segal v. Rochelle, 336 F.2d 298 at 302 (5th Cir. 1964); Mayo v. Pioneer Bank & Trust Co., 270 F.2d 823 (5th Cir. 1959)."

If the case cited by the referee, National Bank of Commerce of Seattle v. Downie, 218 U.S. 345, 31 S.Ct. 89 (1910), were the only case interpreting the effect of an assignment between the private parties involved which did not meet the requirements of the Assignment of Claims Act, the referee would clearly be correct. As the syllabus to the *Downie* opinion states:

"The prohibition of § 3477, Rev.Stat., [predecessor of 31 U.S.C. § 203] against assignment of claims against the United States which have not been allowed and warrant issued therefor is of universal application. It covers all unallowed claims and all voluntary assignments thereof, including assignments made in good faith, as security for advances in course of business, of undisputed claims on contracts being performed by the assignor; and *held,* that assignments of such claims so made by a bankrupt are null and void, *not only as against the United States but also as against other creditors, and the claims pass by operation of law to the trustee in bankruptcy.*

\* \* \* \* \* \*

"To hold that an act making all assignments of claims against the Government null and void does not embrace claims and assignments of the nature of those involved in this action would effect a repeal of the statute by judicial legislation in disregard of its plain intent." (218 U.S. at 345. Emphasis added.)

■ But, as noted by the district court, the *Downie* case does not stand alone. In Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531 (1937), the Supreme Court held that 31 U.S.C. § 203 was a provision for the protection of the government, to prevent the possibility of the government's being faced with multiple claims for the same debt, and was *not* for the regulation of the equities of claimants growing out of assignments which did not comply with the requirements of 31 U.S.C. § 203, if collection had been completed and the government's liability ended. The facts of the instant case fit within the rule of the *Martin* case. Here the only contest is between the assignee and the trustee in bankruptcy of the assignor, and the government is not exposed to the threat of multiple claims since the claim has already been paid and the government's liability is at an end. Thus, since the statute (31 U.S.C. § 203) is for the protection of the government, and not for the regulation of the assignment as between the private parties involved (here the assignors Mr. and Mrs. Samuels, the assignee Mintz, and the trustee Danning), the federal statute does not apply and should not have been deemed controlling by the referee.

In the later Supreme Court case of United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207 (1949), the court acknowledged that it had retreated from the earlier strict construction of 31 U.S.C. § 203, in these words:

"Most of the early cases construed the statute strictly, holding that all assignments were included within the statute and that such assignments conferred no rights of any kind upon the assignee; that R.S. § 3477 [31 U.S.C. § 203] 'incapacitates every

claimant upon the government from creating an interest in the claim in any other than himself.' Spofford v. Kirk, supra, 97 U.S. 484 at pages 488–489, 24 L.Ed. 1032. See also National Bank of Commerce of Seattle v. Downie, 1910, 218 U.S. 345, 31 S.Ct. 89, 54 L.Ed. 1065, 20 Ann.Cas. 1116; Nutt v. Knut, 1906, 200 U.S. 12, 26 S.Ct. 216, 50 L.Ed. 348; St. Paul & Duluth R. Co. v. United States, 1885, 112 U.S. 733, 5 S.Ct. 366, 28 L.Ed. 861.

"The rigor of this rule was very early relaxed in cases which were thought not to be productive of the evils which the statute was designed to obviate. * * *" (338 U.S. at 373, 70 S.Ct. at 211)

The view of the assignment adopted by the district court in this case has been explicitly adopted by the Second Circuit in the case of Matter of Ideal Mercantile Corporation, 244 F.2d 828 (2nd Cir. 1957). In that opinion by Judge Waterman, the court pointed out that the district court had held that the Assignment of Claims Act was for the protection of the government and not for the purpose of affecting the transaction between the assignee and assignor, and went on to hold, on the basis of *Martin*, supra, that "it seems clear that an assignment of a claim against the United States is enforceable in many cases as between the parties to that assignment, or their successors in interest, after the government has paid the claim. (citing cases.)" As noted by the district court in this case, the ninth circuit has reached the same result in a non-bankruptcy case in California Bank v. United States Fidelity & Guar. Co., 129 F.2d 751 (9th Cir. 1942).

On the basis of this, and other, authority cited by the district court, we find ample support for the action of the district court in concluding that the federal Assignment of Claims Act did not apply in the circumstances of this case to render null and void assignment from the Samuels to Mintz.

II. Did the District Court Err in Remanding the Matter to the Referee to Determine the Validity of the Assignment Under California Law?

Appellant's second major contention is that, even if the district court was correct in detemining that the federal Assignment of Claims Act rendered the assignment null and void, no remand is necessary because the findings of the referee have already determined that the assignment was not valid under California law either and hence the refunds must pass to the trustee. We cannot agree.

The district court's order with reference to this phase of the case appears in this sentence (on page 74 of the Clerk's Transcript): "Since the Referee has made no finding with respect to the validity of the assignment under California law, this case is remanded for further proceedings not inconsistent with this opinion." We have examined the findings of fact and conclusions of law of the referee (C.T. pp. 44–46) and agree with the district court that the referee made no findings in connection with the applicability of California law. What appellant relies on to show that the referee has already found that California law had not been complied with in order to make the assignment valid, is Conclusion of Law No. 13 (C.T. p. 46) which reads as follows:

"13. That the purported assignment of income tax refunds to FRANCIS MINTZ did not comply with applicable law and the attempted assignment is therefore null and void."

This "conclusion" is little more than a repetition of the earlier finding by the referee that the federal Assignment of Claims Act had not been complied with and that therefore the assignment was void. The other findings and conclusions contain no reference whatever to California law and it is clear that since the referee thought that the Assignment of Claims Act was controlling, and had

not been complied with, the assignment was void under "the applicable law," and that it was unnecessary to look to California law to determine the validity of the assignment. The appellant seeks to read into the meaning of Conclusion of Law No. 13 that "the purported assignment of income tax refunds to FRANCIS MINTZ did not comply with [all] applicable law [including California law]," a meaning which is not there.

The reason that it becomes necessary to determine whether or not the assignment was proper under California law is that under § 70 of the Bankruptcy Act, 11 U.S.C. § 110, the trustee in bankruptcy is vested by operation of law with the title of the bankrupt at the date of the filing of the petition to all property owned by the bankrupt. If the assignment in this case had not become so far perfected as of the date of bankruptcy so as to remove the tax refunds from the estate of Samuels, then the trustee and not the assignee (Mintz) is entitled to the tax refunds. The validity of an assignment is determined under the Bankruptcy Act by the law of the state in which the transfer takes place, unless some paramount federal law (such as the Assignment of Claims Act) controls the validity of the assignment. Matter of Ideal Mercantile Corp., supra, 244 F.2d at 831.

We affirm the district court's order of remand to the referee. In doing so we decline to accept the suggestions of the *amici curiae* in support of the parties on this appeal. *Amicus* in support of the appellant urges us to find, even if we hold that the Assignment of Claims Act was not applicable, that the assignment of tax refunds could be deemed to have been made immediately before filing of the bankruptcy petition, as was found in the Matter of Ideal Mercantile Corp., supra. We decline to follow this course in the absence of any showing that that argument was raised before the referee or that the tax refund claims had not been allowed prior to the filing of the petition in bankruptcy, even if not paid at that point. We decline to accept the suggestion of *amicus* in support of appellee that we should find that the assignment complied with California law, because we are unable to take evidence which may be necessary to determine that question. We agree with the district court that such a question is properly first determined by the referee.

The order of the district court is *affirmed* in its entirety.