In the Matter of Frank W. LAGER-STROM, Bankrupt.
No. P–BK–69–53.

United States District Court
S. D. Illinois, N. D.
June 19, 1969.

Bernard G. Stutler, Knoxville, Ill., for bankrupt.

Barry M. Barash, Galesburg, Ill., trustee.

DECISION AND ORDER

ON REVIEW OF REFEREE'S DECISION

ROBERT D. MORGAN, District Judge:

This matter arises on Certificate of Review filed April 15, 1969 by Stephen J. Covey, Referee in Bankruptcy of this Court, as a result of Petition for Review by Barry M. Barash, Trustee of the captioned bankrupt estate. The Court has considered said certificate, together with arguments and briefs of said Trustee and for the bankrupt.

The Opinion and Order of the Referee, of which review is sought, filed April 3, 1969, sets forth findings and analysis of the applicable law as follows:

"On January 30, 1969, FRANK W. LAGERSTROM, the bankrupt herein, executed the following document:

'ASSIGNMENT OF INCOME TAX REFUND FOR THE YEAR 1968

'In consideration of legal services rendered and to be rendered in connection with bankruptcy proceedings, the undersigned hereby assign and transfer to BERNARD G. STUTLER all their interest in and to any claim for refund against the United States Government for refund of income taxes over-withheld during the calendar year 1968, to the extent of $245.00 .

'DATED this 30th day of January 1969.

S/ FRANK W. LAGERSTROM
    Frank W. Lagerstrom

S/ _____
    Dorothy Lagerstrom'

---

"On January 31, 1969, FRANK W. LAGERSTROM, filed a voluntary petition in bankruptcy in the United States District Court, for the Southern District of Illinois, with BERNARD G. STUTLER appearing as his attorney.

"On February 19, 1969, a first meeting of creditors was held and BARRY M. BARASH was appointed Trustee. On February 24, 1969, said Trustee filed a petition asking that this Court declare the above assignment invalid because it failed to comply with the Federal Assignment of Claims Act, 31 U.S.Code Section 203, and with Section 9, Chapter 26 of the Illinois Revised Statutes, which is the section of the Uniform Commercial Code, which deals with the creation and perfection of security interests in personal property.

"At the hearing on said petition it was stipulated that the amount of the tax refund was $70.00, that it has not as yet been paid to the bankrupt, and that no compliance was made by BERNARD G. STUTLER, the assignee, with the provisions of the Federal Assignment of Claims Act, or the Illinois Uniform Commercial Code.

"OPINION

"Ch. 31, Sec. 203 of the U.S.Code, provides, in part, as follows:

'ASSIGNMENTS OF CLAIMS; SET-OFF AGAINST ASSIGNEE

'All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof,

except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same. * * *

4. That in the event of any such assignment, the assignee thereof shall file written notice of the assignment together with a true copy of the instrument of assignment with (a) the contracting officer or the head of his department or agency; (b) the surety or sureties upon the bond or bonds, if any, in connection with such contract; and (c) the disbursing officer, if any, designated in such contract to make payment.'

The Trustee contends that since the above Section was not complied with, the assignment of the tax refund is absolutely null and void. This argument must be rejected. In Danning v. Mintz, 367 F.2d 304 (C.A. 9th) the Court of Appeals had before it the exact question presented herein in regard to the compliance with the Federal Assignment of Claims Act. The Court held that the statute was for the protection of the government and that the assignment, while not valid against the government, was valid between the bankrupt and his attorney and, therefore, was valid as against the Trustee. The Court, on page 306, stated:

'* * * The Ninth Circuit has explicitly rule (sic) that Section 203 is meant for the protection of the United States and though an assignment may not comply with the terms of this section, the assignment may, nevertheless, be enforceable between the parties to the assignment. * * *

'* * * Here the only contest is between the assignee and the trustee in bankruptcy of the assignor, and the government is not exposed to the threat of multiple claims since the claim has already been paid and the government's liability is at an end. Thus, since the statute (31 U.S.C. Sec. 203) is for the protection of the government, and not for the regulation of the assignment as between the private parties involved (here the assignors Mr. and Mrs. Samuels, the assignee Mintz, and the trustee Danning), the federal statute does not apply and should not have been deemed controlling by the referee.'

The matter was then referred back to the Referee to determine whether the assignment of the tax refund from the bankrupts to their attorney was valid under state law.

"The Trustee further contends that the assignment of the income tax refund is void as against him because the provisions of Section 9 of the Uniform Commercial Code, in regard to the perfection of security interests in personal property, has not been complied with. Chap. 26, Sec. 9–102 of the Illinois Revised Statutes, provides, in part, as follows:

'POLICY AND SCOPE OF ARTICLE. * * * this article applies so far as concerns any personal property and fixtures within the jurisdiction of this State

(a) to any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights; * * *'

Sec. 9–302, of the same Chapter, provides, in part, as follows:

'WHEN FILING IS REQUIRED TO PERFECT SECURITY INTEREST: SECURITY INTERESTS TO WHICH FILING PROVISIONS OF

THIS ARTICLE DO NOT APPLY. (1) A financing statement must be filed to perfect all security interests except the following: * * *'

(not applicable)

The Trustee contends that the bankrupt's attorney has taken an assignment of an account receivable as security for the payment of his fees and that, therefore, a financing statement must be filed in order for the assignment to be valid. This argument also must be rejected. It is clear from the provisions of Section 9, quoted above, that they apply only to secured transactions and attempts to create security interests in personal property. In the instant case the bankrupt was not attempting to create a security interest in the tax refund—instead he made an outright conveyance and transfer of the refund to his attorney as part payment on his fees.

"If the bankrupt had been indebted to a creditor and had assigned the tax refund as security for this indebtedness, then the provisions of the Commercial Code would apply. However, in the instant case there was no intent to create a security interest and the provisions of the Commercial Code are not applicable."

The argument in this court developed no convincing contention and the Court has found no authority to indicate that the Referee's conclusion is erroneous. As a matter of fact, the Trustee now concedes, based on Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), and analysis thereof in Cowan's Bankruptcy Law and Practice, 1969 pocket part at page 137, and Collier on Bankruptcy, Volume 4A, Section 4.1 at page 400, that the Referee is probably correct, but, in effect, asks the decision of this Court on the question to further establish the law in this district.

The Court fully concurs with the Referee Covey's opinion on the facts presented here, and his said Opinion and Order entered in this matter on April 3, 1969 is in all respects affirmed.