In re VAZQUEZ, GUERRERO, AND COMPTON, Debtors.

Agustin VAZQUEZ, David R. Guerrero, and Barry A. Compton, Plaintiffs,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, Defendant.

Bankruptcy Nos. 81–02032 T, 81–02556 T and 82–01057 T.

Adv. Nos. 83–1398, 83–1399 and 83–1400.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 25, 1984.

David A. Scholl, Bethlehem, Pa., for plaintiffs.

Jason W. Manne, Dept. of Public Welfare, Harrisburg, Pa., for defendant.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In all of these three consolidated adversary proceedings, the Chapter 7 debtors-plaintiffs have filed, pursuant to section 524(a) of the Bankruptcy Code, 11 U.S.C. § 524(a), and 42 U.S.C. § 1983, complaints seeking, *inter alia,* money judgments against the defendant for the amount of money which the defendant has withheld from the plaintiffs' Supplemental Security Income (SSI) disability benefits as reimbursement for the interim general assistance that the defendant paid to the plaintiffs while the plaintiffs were awaiting the

Social Security Administration's determinations of their eligibility for SSI benefits.[1] Each of the plaintiffs, prior to filing his complaint, had received a discharge of the debt representing the amount of reimbursement due and owing to the defendant. For each of the plaintiffs, the determination of his eligibility for SSI benefits and the aforementioned reimbursement to the defendant occurred between the date that he filed bankruptcy and the date that his debt to the defendant was discharged. The defendant did not object to the discharge of the debt owed to it by any of the plaintiffs. The parties have stipulated as follows: "The sole issue presented in these cases is whether the Defendant's right to deduct and withhold sums pursuant to 42 U.S.C. § 1383(g) is affected by a discharge in bankruptcy." Stipulation of Facts, pp. 3–4. 42 U.S.C. § 1383(g) states, in part:

"[T]he Secretary [of Health and Human Services] may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State ... from the benefits withheld an amount sufficient to reimburse the State ... for interim assistance furnished on behalf of the individual by the State ...."

42 U.S.C. § 1383(g) is part of the SSI statute, 42 U.S.C. § 1381, et seq. All of the plaintiffs signed the written authorization referred to in § 1383(g) as a condition for receiving interim general assistance from the defendant.

The plaintiffs' argument is straightforward. Because the reimbursement debts to the defendant were discharged, the defendant's refusal to remit the funds it withheld constitutes a violation of the injunction of § 524(a)(2) of the Bankruptcy Code as an act to collect a discharged debt. Therefore, continue the plaintiffs, we should order the defendant to remit these funds.

The defendant argues that it is not liable to the plaintiffs based upon its interpretation of the interrelationship of 42 U.S.C. § 1383(g), *supra*, and 42 U.S.C. § 407, which states:

§ 407   Assignment

(a) Inalienability of right to future payments

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) In amendability of section by inference

No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407 is applicable to the SSI program. 42 U.S.C. § 1383(d). The defendant points out that 42 U.S.C. § 407(a) states that "none of the moneys paid ... shall be subject to ... the operation of any bankruptcy or insolvency law." The funds in question were received by the defendant pursuant to 42 U.S.C. § 1383(g) and constitute "moneys paid" within the meaning of 42 U.S.C. § 407, continues the defendant. Therefore, the defendant contends, these funds are not subject to the operation of the Bankruptcy Code, including § 524(a)(2), upon which the plaintiffs rely, thus insulating the defendant from any liability to the plaintiffs regarding these funds.

The defendant's argument is totally without merit and, not surprisingly, is not supported by any case authority. The Social Security Administration has repeatedly and unsuccessfully made essentially the same argument in many cases, usually involving its claim that § 407 *per*

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

*se* renders nondischargeable debts owed to the Social Security Administration. That argument has uniformly been rejected based upon the rather obvious fact that § 407 deals only with the protection of Social Security and SSI benefits from creditor action. It is designed to protect recipients, not creditors such as the present defendant.[2] See, e.g., *In re Neavear*, 674 F.2d 1201, 1206 (7th Cir.1982); *In re French*, 20 B.R. 155 (Bankr.D.Or.1982); *In re Hawley*, 23 B.R. 236 (Bankr.E.D.Mich. 1982); *In re Lee*, 25 B.R. 135 (Bankr.E.D. Pa.1982).

The defendant also argues that the Reimbursement Authorizations which the plaintiffs signed pursuant to 42 U.S.C. § 1383(g) constitute assignments of the funds in question to the defendant. Thus, the defendant continues, these funds are simply the property of the defendant and never came into the plaintiffs' bankruptcy estates, and, therefore, are not subject to any of the provisions of the Bankruptcy Code. This argument must be rejected because, *inter alia*, the Reimbursement Authorization simply does not by its own terms constitute an assignment. See *Melnick v. Pennsylvania Company for Banking and Trusts*, 180 Pa.Super. 441, 119 A.2d 825 (1956).

Lastly, the defendant argues briefly that the Eleventh Amendment bars the money judgments sought by the plaintiffs. This argument is rejected based upon *Gardner v. Com. of Pa., Dept. of Public Welfare*, 685 F.2d 106 (3rd Cir.1982), *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1983), which held that the Eleventh Amendment is no bar to treating the states the same as any other creditor under the Bankruptcy Code.

For all of the foregoing reasons, the plaintiffs are, pursuant to 11 U.S.C. § 524(a)(2), entitled to judgments against the defendant for the funds withheld from them by the defendant.

**2.** The recent enactment of § 407(b) in no way changes this basic fact. See *In re Carey*, 36 B.R.

194, 199 (Bankr.D.Kansas 1983).