In re Beatrice D. TREJO, aka Beatrice D. Nevarez, Debtor.

Beatrice D. TREJO, aka Beatrice D. Nevarez, Plaintiff,

v.

COUNTY OF SACRAMENTO, Defendant.

Bankruptcy No. 283–N02640–D–7. Adv. No. 283–1724.

United States Bankruptcy Court, E.D. California.

Dec. 5, 1984.

**540**

Donna L. Reed, Sacramento, Cal., for plaintiff.

John H. Dodds, Deputy County Counsel, L.B. Elam, County Counsel, Sacramento, Cal., for defendant.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### FACTS

The plaintiff debtor, Beatrice D. Trejo, has filed a complaint for turnover of funds against the county of Sacramento. The debtor argues that the county improperly withheld $3,293.95 from her retroactive supplemental security income (SSI) disability benefits and that this action is an avoidable preference. The parties agree to the following facts.

Beatrice Trejo began receiving county general assistance benefits in June 1979. In the meantime, she also applied for SSI benefits from the Social Security Administration. While her application was pending, the county welfare department required that Beatrice sign a form entitled "authorization for reimbursement for interim assistance granted while SSI/SSP application is pending." She signed two authorizations in July 1980 and October 1981.

On November 22, 1982, the Social Security Administration granted Beatrice's SSI application retroactive to May 1981. Subsequently on June 14, 1983, the county received a check in the amount of $9,422.20, representing Beatrice's retroactive SSI benefits from May 1981 through January 1983. The county then credited Beatrice's account for $3,293.95, the amount of interim general assistance which she had received from 1981 through 1983.

On June 16, 1983, Beatrice filed a chapter 7 petition and claimed the $3,293.95 as exempt. She also listed Sacramento County as the holder of an unsecured claim for $6,885.79, the amount of general assistance still to be reimbursed. On June 28, 1983, the county sent Beatrice a check for $6,128.25, the remainder of her retroactive SSI benefits. The debtor was discharged on September 7, 1983.

This matter was submitted to the court on the briefs. DONNA L. REED, ESQ. represents the plaintiff debtor and JOHN H. DODDS, ESQ., Deputy County Counsel represents Sacramento County.

### DISCUSSION

The court must first determine what property of the debtor was transferred.

A trustee[1] has the burden of proving each element of a preference. 11 U.S.C. § 547(b)[2] provides in part that a trustee may avoid any transfer of property of the debtor ... (4) made—(A) on or within 90 days before the date of the filing of the petition.

The term "property" as used in § 547(b) is not defined by the Code. According to Collier, however, "a transfer of property within the meaning of the bankruptcy law includes the giving or conveying, anything of value which has debt-paying or debt-securing power." 4 *Collier on Bankr.* ¶ 547.08[2] at 547–32 (15th ed. 1984) quoting *Tatum v. Acadian Production Corp.,* 35 F.Supp. 40, 50 (E.D.La.1940). Even property with an intangible value can be the subject of a preference action. 4 *Collier on Bankr. id.*

In the present case, the debtor had agreed to reimburse the county for interim

---

**1.** A chapter 7 debtor has standing to avoid a transfer under 11 U.S.C. § 547 if the trustee does not attempt to avoid the transfer. 11 U.S.C. § 522(h). The debtor's right to avoid the transfer, however, is limited to the extent that the debtor could have exempted the property had the trustee avoided the transfer. 3 Collier on Bankr. ¶ 522.30 at 522–88 (15th ed. 1984). In the present case the debtor listed the $3,293.95 as exempt and can attempt to avoid

the transfer since the trustee has not taken any action.

**2.** 11 U.S.C. § 547(b) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 enacted on July 10, 1984. However, since this complaint was filed prior to the enactment date the amendments do not apply.

general assistance while her SSI claim was pending. She executed an authorization for reimbursement which transferred her right to the payment of SSI benefits to the county. The court finds that this right to future payment was property of the debtor within the meaning of § 547(b).

The court next must determine when this transfer occurred. The debtor argues that the transfer occurred on June 14, 1983 when the county received a check for $9,422.20. In opposition, the county argues that the debtor made an assignment of her benefits and that the transfer or assignment was completed on November 22, 1982, the date the Social Security Administration approved the debtor's claim for benefits.[3]

■ According to California law, a person who makes an assignment clearly must indicate an intent to transfer. 1 B. Witkin, *Summary of California Law*, Contracts, § 728 (8th ed. 1973). A future right or expectancy can be assigned. *Bank of California v. Connolly*, 36 Cal.App.3d 350, 366–67, 111 Cal.Rptr. 468 (1973); *Prudential Insurance Co. v. Broadhurst*, 157 Cal. App.2d 375, 376, 321 P.2d 75 (1958). The assignment becomes operative at the time the right comes into existence and relates back to the initial date of the assignment. *In re Freeman*, 489 F.2d 431, 433 (9th Cir.1973).

■ The debtor here authorized the Social Security Administration to make the first SSI payment for which she is eligible to Sacramento County. The court finds that the debtor assigned her right to payment to the county[4] and that this assignment was a transfer within the meaning of the Code.[5] The debtor made the assignments in July 1980 and October 1981. The assignments became enforceable on November 22, 1982, the date the Social Security Administration determined that she was eligible for benefits. The assignment or transfer, however, relates back to July 1980 and October 1981, well before the date that the petition was filed.

The transfer of the debtor's right to payment did not occur within 90 days prior to the filing of the petition. The debtor cannot avoid this transfer since one of the elements of a preference are not met. This memorandum opinion shall constitute findings of fact and conclusions of law. Counsel for Sacramento County shall prepare

---

3. The debtor argues that 42 U.S.C. § 407(a) which provides in part,

    [t]he right of any person to any future payment under this title shall not be transferable or assignable ... and none of the moneys paid or payable ... shall be subject to ... the operation of any bankruptcy or insolvency law,

    prohibited the assignment of her SSI benefits to the county.
    The county states that 42 U.S.C. § 1383 is an exception to § 407. 42 U.S.C. § 1383(d) and (g) provide in part,

    (d)(1) [t]he provisions of section 207 [42 USC § 407] ... shall apply with respect to this part to the same extent as they apply in the case of title II ...
    (g)(1) Notwithstanding subsection (d)(1) ... the Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to 'a State ... from the benefits withheld an amount sufficient to reimburse the State ... for interim assistance furnished.
    There is nothing impermissible about the debtor's execution of the authorization for reimbursement. *See Inman v. Dept. of Social Servic-*

    *es,* 98 Mich.App. 266, 271, 296 N.W.2d 232 (1980).

4. *Contra In re Vasquez,* 42 B.R. 609 (Bankr.E.D. Pa.1984). In *Vasquez*, the plaintiff debtors sought money judgments against the Pennsylvania Dept. of Public Welfare for the amounts which the defendant had withheld from the plaintiffs' SSI benefits as reimbursement for interim general assistance. The court held that the plaintiffs were entitled to judgment pursuant to 11 U.S.C. § 524(a)(2). *Vasquez* is distinguishable from the present case. In *Vasquez* the Social Security Administration determined that the debtors were eligible for benefits and defendant withheld the funds between the date each debtor filed chapter 7 and the date of discharge. By contrast, in the present case the Social Security Administration determined that Beatrice was eligible for benefits and the county withheld the interim assistance prior to the filing of the petition.

5. The term "transfer" is broadly defined in the Code as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property. 11 U.S.C. § 101(41).

and submit a judgment consistent with this opinion.